UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHLOPAK, LEONARD,
SCHECHTER AND ASSOCIATES, INC.
1850 M. Street, NW, Suite 550
Washington, DC 20036

          Plaintiff,

v.

AGUSTAWESTLAND, INC.
2231 Crystal Drive, Suite 1114
Arlington, VA 22202

DANIEL G. HILL
4141 N. Henderson Road, #219
Arlington, VA 22203

          Defendants.

Civil Action No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, Defendants in the above-captioned case, AgustaWestland, Inc. (Agusta) and Daniel G. Hill (Hill), hereby submit this Notice of Removal of Civil Action No. 05-0009199, now pending in the Superior Court for the District of Columbia. Both Defendants, reserving all rights and without waiving any defenses or objections, state as follows in support of this removal:

1. On November 28, 2005, Plaintiff commenced an action in the Superior Court for the District of Columbia styled "Chlopak, Leonard, Schechter And Associates, Inc., Plaintiff v. AgustaWestland, Inc. and Daniel G. Hill, Defendants." (State Court Action). A copy of the complaint and summons filed in the State Court Action is attached hereto as Exhibit 1.

1

2. On November 29, 2005, Plaintiff served Defendants' counsel with process.

3. The Complaint seeks, among other things, liquidated damages for alleged breach of Agreement between Plaintiff and Agusta. Section 8 of the Agreement, attached as Exhibit B to the Complaint, provides for a penalty of "1.5 times the employee's total annual compensation in respect of the prior calendar year," for a breach of the Agreement. *See,* Complaint at ¶23. Defendant Hill's compensation for 2004 under Plaintiff's employ was $153,485, and potential damages under Section 8 of the Agreement clearly satisfy the amount in controversy requirement under 28 U.S.C. §1332.

4. The Complaint also seeks, among other things, compensatory damages for alleged conspiracy from both Agusta and Hill for "breach [of] the valid and binding restrictive covenants in the Hill Agreement and the Agusta Agreement and depriv[ing] CLS of the benefits contained therein." *See,* Complaint at ¶¶55-57. The amount in controversy for this claim is the value of restrictive covenants to Plaintiff. Because Plaintiff already valued the restrictive covenant under the Agreement with Agusta as at least "1.5 times the employee's total annual compensation in respect of the prior calendar year," *see,* Complaint at ¶23, the amount in controversy against Hill also exceeds $100,000.

5. As shown in the caption of this case, Plaintiff's principal place of business is located in Washington, D.C., while Agusta's principal place of business and Hill's principal residence is in Virginia. Complete diversity exists between Plaintiff and Defendants in this case.

6. The State Court Action, therefore, is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332(a)(1).

7. The Superior Court for the District of Columbia, where the State Court Action is pending, is located within the district of this Court. Accordingly, venue over this case properly lies within this Court under 28 U.S.C. §1441(a).

8. Neither Defendant is a citizen of the District of Columbia. Thus, the condition under 28 U.S.C. §1441(b) is met.

9. Defendants were served with a copy of the summons and complaint on Defendants' counsel on November 29, 2005, and the removal is timely under 28 U.S.C. §1446(b). *See,* Acknowledgement of Service attached as Exhibit 2.

10. Pursuant to 28 U.S.C. §1446(a), a copy of all papers served on Defendants in the State Court Action is attached hereto as Exhibits 1 and 2.

11. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Superior Court for the District of Columbia.

For the foregoing reasons, Defendants respectfully request that the State Court Action be removed to this Court.

Respectfully submitted,

By: _____
David A. Holzworth (D.C. Bar 322966)
Hiromi Maruyama (D.C. Bar 484098)
LEPON HOLZWORTH & KATO PLLC
1225 19th Street, N.W., #500
Washington, D.C. 20036
Tel: (202) 857-0242; Fax: (202) 861-0610
Counsel for Defendants

Date: Dec 12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal with Exhibits, and AgustaWestland, Inc.'s Rule 7.1 Certificate were mailed by first class mail, postage pre-paid on __Dec 12__, 2005 to the following:

Gregory B. Craig, Esq.
Williams & Connolly, LLP
725 12th Street, N.W.,
Washington, DC 20005

Counsel for Plaintiff

_____
Hiromi Maruyama