UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHLOPAK, LEONARD,<br>SCHECHTER AND ASSOCIATES, INC.<br>1850 M. Street, NW, Suite 550<br>Washington, DC 20036<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>v.<br><br>AGUSTAWESTLAND, INC.<br>2231 Crystal Drive, Suite 1114<br>Arlington, VA 22202<br><br>    Defendant and<br>    Counterclaim Plaintiff,<br><br>and<br><br>DANIEL G. HILL<br>4141 N. Henderson Road, #219<br>Arlington, VA 22203<br><br>    Defendant. | Civil Docket No.: 1:05-cv-02389-GK<br>Next Deadline: January 25, 2006<br>Initial Scheduling Conference |

# ERRATA

Defendant and Defendant/Counterclaim Plaintiff (collectively, Defendants) direct the Plaintiff/Counterclaim Defendant's and the Court's attention to the Answer and Counterclaim filed on December 19, 2005. During the preparation for the conference under Rule 26(f), Defendants discovered the following typographical errors:

1. Page 11 Paragraph 8: "Steven C. Moss" should be "**Stephen C. Moss.**"

2. Page 12 Paragraph 12: "Dan Hill" should be "**Daniel G. Hill.**"

1

The above mentioned revisions do not affect the overall pagination of the Answer and Counterclaim. The pages containing these corrections are lodged herewith, and should replace the corresponding pages in the Answer and Counterclaim of Defendants.

Respectfully submitted,

By: _____
David A. Holzworth (D.C. Bar 322966)
Hiromi Maruyama (D.C. Bar 484098)
LEPON HOLZWORTH & KATO PLLC
1225 19th Street, N.W., #500
Washington, D.C. 20036
Tel: (202) 857-0242
Fax: (202) 857-0189

Counsel for the Defendants/Counterclaim Plaintiff

Date: Jan 3, 2006

**The pages of the Answer and Counterclaim to be replaced.**

**FACTUAL ALLEGATIONS**

6. On February 13, 2004, Agusta entered into an agreement (the Agreement) with CLS to obtain consulting services on strategic communications matters related to a government procurement contract. The term of the Agreement was three (3) months, from February 12, 2004 until May 12, 2004, at a fixed fee of $60,000 per month. Exhibit A, attached, at ¶ 1 & 3.

7. The Agreement provides that CLS will "treat all documents as confidential" and will "not disclose or use any confidential information, in any form, for any purpose except with [Agusta]'s express, written prior approval." The Agreement further provides that the confidentiality provision will "survive beyond the conclusion or termination of this contract." Exhibit A, at ¶ 4.

8. During the negotiation of the terms of the Agreement and during the subsequent provision of services by CLS to Agusta during the three month term of the Agreement and afterwards, Stephen C. Moss, President of Agusta during the relevant time, repeatedly emphasized the importance of complete confidentiality as to the nature and scope of CLS' services.

9. On May 12, 2004, the Agreement lapsed by its own terms. Exhibit A at ¶ 1.

10. On April 6, 2004, CLS sought to renew and extend the Agreement under a new fee schedule. Agusta declined to extend the Agreement beyond the termination date of May 12, 2004.

11. After the Agreement lapsed on May 12, 2004, CLS continued to provide services on a month-to-month basis until March 4, 2005, at which time Agusta terminated its business relationship with CLS.

12. In August 2004, Daniel G. Hill brought to the attention of CLS that the firm was overbilling Agusta for services rendered on a month-to-month basis. CLS, nevertheless, made no immediate fee adjustment, and failed to make an appropriate adjustment when a partial adjustment was finally made.

13. In 2005, after all services to Agusta had been terminated, CLS prepared and used a slide presentation to solicit clients that contained: (1) the Agusta company logo; and (2) a description of the services rendered by CLS. Upon information and belief, principals of CLS who made the presentations also orally described in significant detail the actual services rendered to Agusta and the ways in which the services were rendered. CLS did not notify Agusta of its intention to solicit other clients by using the Agusta name and case studies and did not obtain prior written approval from Agusta to do so.

## COUNT I

### (Breach of Contract)

14. Counterclaim Plaintiff Agusta re-alleges and incorporates by reference the allegations in paragraph 1 through 13.

15. On February 13, 2004, Agusta entered into the Agreement with CLS to obtain consulting services on strategic communications matters related to a government procurement contract for the term of three (3) months until May 12, 2004.

16. Agusta remitted to CLS more than $180,000 in payment on invoices for services rendered during the three month term of the Agreement.

17. Among other relevant terms, the Agreement provided that CLS would "treat all documents as confidential" and would "not disclose or use any confidential

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Errata was mailed by first class mail, postage pre-paid on January 3, 2006 to the following:

Gregory B. Craig, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005

Counsel for the Plaintiff/Counterclaim Defendant

Gene Namgoong, Law Clerk
LEPON HOLZWORTH & KATO, PLLC
1225 19th Street, NW, Suite 500
Washington, DC 20036
Tel: (202) 857-0242