UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHLOPAK, LEONARD, SCHECHTER
AND ASSOCIATES, INC.
    Plaintiff and
    Counterclaim Defendant,

v.

AGUSTAWESTLAND, INC.
    Defendant and
    Counterclaim Plaintiff,

DANIEL G. HILL
    Defendant.

Civil Action No.: 1:05cv2389
Judge: Gladys Kessler

### DEFENDANT'S AND DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 7(b) and 26(c) and LCvR 7, Defendant/Counterclaim Plaintiff, and Defendant (collectively the Defendants) respectfully move this Court for entry of the attached proposed Protective Order limiting the use and disposition of certain confidential and sensitive information and documents during the discovery and pre-trial proceedings.

The reasons for this Motion are more fully set forth in the accompanying Memorandum in Support of Motion for Entry of Protective Order.

Pursuant to LCvR 7(m), counsel for Plaintiff/Counterclaim Defendant and Counsel for Defendants discussed this motion by telephone on January 3, 2006 and subsequently via e-mail and facsimile transmission. Counsel for Plaintiff/Counterclaim Defendant declined to join in this Motion as Plaintiff/Counterclaim Defendant considered that a protective order was unnecessary.

1

Respectfully submitted,

/s/ David A. Holzworth

David A. Holzworth (D.C. Bar 322966)
Hiromi Maruyama (D.C. Bar 484098)
Lepon Holzworth & Kato, PLLC
1225 19th Street, N.W., Suite 500
Washington, DC 20036
Telephone: 202-857-0242

Counsel for Defendant and
Defendant/Counterclaim Plaintiff

Date: Jan. 13, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHLOPAK, LEONARD, SCHECHTER AND ASSOCIATES, INC.<br>　　　Plaintiff and<br>　　　Counterclaim Defendant,<br>v.<br><br>AGUSTAWESTLAND, INC.<br>　　　Defendant and<br>　　　Counterclaim Plaintiff,<br><br>DANIEL G. HILL<br>　　　Defendant. | Civil Action No.: 1:05cv2389<br>Judge: Gladys Kessler |

### DEFENDANT'S AND DEFENDANT/COUNTERCLAIM PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 7(b) and 26(c) and LCvR 7, Defendant/Counterclaim Plaintiff (Agusta), and Defendant (Hill) (collectively the Defendants) respectfully move this Court for entry of the attached proposed Protective Order.

The attached Protective Order is designed to ensure that confidential and sensitive information produced through the course of discovery and pretrial proceedings will not be improperly disclosed. The scope of confidential and sensitive information covered under the attached proposed Protective Order is narrowly drafted to match the scope of the confidentiality provisions of the February 12, 2004 service agreement between Plaintiff and Agusta, and the April 1, 2002 Non-Disclosure and Non-Competition Agreement between Plaintiff and Hill. As stated in Agusta's Counterclaim, the February 12, 2004 service agreement between Plaintiff and Agusta prohibited Plaintiff from disclosing or using any

1

confidential information which Plaintiff may receive or otherwise obtain in the process of providing the services encompassed by the agreement, in any form or for any purpose except with Agusta's express, written prior approval. Further, the confidentiality provision survived beyond the termination of the contract. *See,* Section 4 of February 12, 2004 Service Agreement between Plaintiff and Agusta attached hereto as Exhibit 1. Under the April 1, 2002 Non-Disclosure and Non-Competition Agreement between Plaintiff and Hill, Plaintiff expressly describes "proprietary information relating to the relationship between the Employer and Client, and their procedures and techniques which are used in the conduct of the Employer and Clients' businesses, intellectual property, costs and prices for providing services, client budgets and needs and other data and information regarding operations, assets, liabilities, business plans, personnel, and prospects and other information which is known only by, and/or trade secrets proprietary to, the Employer, and Clients, their shareholders and affiliates" as confidential and proprietary information warranting protection. *See,* April 1 2002 Non-Disclosure and Non-Competition Agreement attached hereto as Exhibit 2.

    The nature and scope of services rendered by Hill and Plaintiff necessarily will be the subject of discovery and pre-trial proceedings arising from Agusta's counterclaims (Plaintiff's overbilling, and breach of confidentiality provision), and Plaintiff's allegation of breach of the on-competition/non-solicitation agreement. Public disclosure of the information covered under the confidentiality provision of the February 12, 2004 service agreement and the April 1, 2002 Non-Disclosure and Non-Competition Agreement between Plaintiff and Hill will completely undermine the interests that the contract clauses were designed to protect. Plaintiff has maintained that public disclosure of this information will

also harm its business and reputation.

The proposed Protective Order fairly and reasonably restricts the use of confidential materials received during discovery and protects their confidential nature without impeding the discovery process itself. The attached Protective Order strikes a reasonable balance between the need for confidentiality and the interest of public disclosure in a court proceeding. *See, Seattle Times Co. v. Rhinehart,* 104 S.Ct. 2199, 2207, 467 U.S. 20, 33 (1984) (Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.)

For the reasons set forth above, Defendant and Defendant/Counterclaim Plaintiff respectfully request that this Court grant their Motion and enter the attached Protective Order.

Respectfully submitted,

David A. Holzworth (D.C. Bar 322966)
Hiromi Maruyama (D.C. Bar 484098)
LEPON HOLZWORTH & KATO, PLLC
1225 19th Street, N.W., Suite 500
Washington, DC 20036
Telephone: 202-857-0242

Counsel for Defendant and
Defendant/Counterclaim Plaintiff

Date: Jan 13, 2006

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Entry of Protective Order, Memorandum in support thereof, and proposed Protective Order were mailed by first class mail, postage pre-paid on  Jan. 13 , 2006 to the following:

Gregory B. Craig (D.C. Bar 164640)
William & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20036
Telephone: 202-434-5000

Attorney for Plaintiff/Counterclaim Defendant

3