UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHLOPAK, LEONARD, SCHECHTER AND ASSOCIATES, INC.<br>    Plaintiff and<br>    Counterclaim Defendant,<br>v.<br>AGUSTAWESTLAND, INC.<br>    Defendant and<br>    Counterclaim Plaintiff,<br>DANIEL G. HILL<br>    Defendant. | Civil Action No.: 1:05cv2389<br>Judge: Gladys Kessler |

## PROTECTIVE ORDER

This Protective Order limits disclosure of certain materials and information pertaining to this case so that no person obtaining access to them will disclose or make public any proprietary or confidential information or intrude upon the privacy of any party or non-party.

This Order is entered upon good cause shown as to the need for confidentiality and is applicable for discovery and pretrial purposes only.

Upon Defendant and Defendant/Counterclaim Plaintiff's Motion for a Protective Order,

IT IS HEREBY ORDERED THAT:

1. Documents marked as "Confidential" or "Protected Material," pursuant to the terms of this Order and information contained therein may be inspected by and disclosed only to persons identified in this Protective Order and only for the purpose of conducting this litigation. As used in this Order, Protected Material refers to documents or other information that have been designated as either "Confidential" or

1

"Protected Material."

2. Protected Material may be disclosed only to the following persons or categories of persons unless a party moves to amend the Protective Order pursuant to paragraph 17:

    (a) Plaintiff Chlopak, Leonard, Schechter and Associates, Inc. (CLS), meaning the three principals of CLS, and employees of CLS;

    (b) Daniel G. Hill;

    (c) Defendant/Counterclaim Plaintiff AgustaWestland, Inc. (AgustaWestland), meaning the board of directors and employees;

    (d) Counsel representing any party in connection with this litigation, and support staff of such counsel;

    (e) Nonparty witnesses and their counsel;

    (f) Persons specially consulted or retained to assist a party's counsel in the preparation of this action for trial, including but not limited to, expert witnesses or consultants and the employees of such persons;

    (g) The Court and any persons employed by it to work on this litigation; and

    (h) Any other person designated, pursuant to an Order of this Court.

3. Subject to the provisions of paragraphs 4 and 16 hereof, any party in this action may designate as "Confidential" or "Protected Material" any document which that party believes to contain confidential information of a nonpublic nature. Such designations shall be made in good faith.

4. Such "Confidential" or "Protected Material" designation shall be made by the producing party at or prior to the time documents are produced. "Confidential" or "Protected Material" designation may also be made by any party within ten (10) business days of the publication of a deposition transcript, or of the production of the documents. All deposition transcripts and produced documents shall be treated as Protected Material until the expiration of ten (10) business days after the publication of a deposition transcript or the production of documents.

5. Documents shall be designated as "Confidential" or "Protected Material" by marking the documents on their face with such designation. Failure to designate a document as confidential at the time of production shall not constitute a waiver of a party's right to make such a designation.

6. A party producing redacted documents shall retain non-redacted copies of such documents containing the information that has been redacted.

7. Nothing in this Order shall be construed as preventing any party from objecting to any designation under Paragraph 3, or the person to receive confidential documents under Paragraph 10, in the first instance by letter to the party making such designation stating the basis for its objection, and in the second instance by making a written motion to the Court. Before making written motion to the Court, the party objecting to the designation shall confer in good faith with the party making the designation and attempt to achieve a resolution of the dispute. The designating party shall bear the burden of proving that confidential treatment of the information is

justified.

8. Document or information designated "Confidential" or "Protected Material" to which an objection has been made shall not be disclosed in any matter inconsistent with the Order and shall continue to be treated as "Confidential" or "Protected Material" within the meaning of this Order, unless and until otherwise agreed by the party designating the document confidential or unless and until the Court rules otherwise.

9. As used herein the words "document" or "documents" include the whole or any page or specific portion of: (a) any written, printed or graphic matter, any computer record or tape, or any copy, extract and complete or partial summary prepared therefrom; (b) any deposition or transcript or videotape or exhibit thereto; and (c) any brief, memorandum or other writing served on the parties or filed with the Court, including any interrogatory answer, or any exhibit thereto.

10. Any person who makes any disclosure of Protected Material in conformance with this Order shall advise each person to whom such disclosure is made concerning the terms of this Order and prior to disclosure require such person to review this order and to sign a confidentiality agreement, attached hereto as Exhibit A, to keep such documents and information confidential. This requirement does not apply to the category of individuals defined in paragraphs 2(d) and 2(g). All persons described above in paragraph 2 are enjoined from disclosing Protective Material to any other person, except in conformance with this Order.

11. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

12. Protected Material produced in accordance with the terms of this Order, whether in briefs or otherwise, shall not be filed with the Clerk of Court except under seal. Any such confidential documents filed under seal shall be maintained under seal by the Clerk.

13. In the event that a party wishes to introduce or admit into evidence any Protected Material during the course of any pretrial hearing in this action, such party shall give sufficient notice to the other parties and to the Court so that the Court in its discretion may take all steps that it deems necessary to protect the confidentiality of such information or document. The transcript of a pretrial hearing containing or referring to the Protected Material shall be labeled consistent with paragraphs 1 and 3 of this Order.

14. Any party who has designated any document or information as "Confidential" or "Protective Material" pursuant to this Order may consent that the confidential status of such document or information be removed by so notifying counsel for the other party in writing or by so stating on the record at any hearing or deposition.

15. Counsel who has possession of Protected Material shall maintain them in a manner consistent with the terms of this Order. At the conclusion of this litigation, all Protected Material and all copies of such documents are to be returned to the party that produced them or, with the prior written agreement of the party, destroyed and

certified as destroyed.

16. The "Confidential" and "Protected Material" designations shall be reserved for: (a) CLS's records, statements, correspondence including e-mail and fax transmissions, and other documents or information that reveals or discloses the specific consulting services, processes, methods, procedures and techniques employed by, or activities undertaken by, CLS on behalf of AgustaWestland, including but not limited to, any parts of CLS's timekeeping entries, principal meeting minutes, and expense reports, information or documents prepared by Daniel G. Hill (Hill) and other CLS's employees on AgustaWestland's account, e-mail and other correspondence records of Hill and other CLS's employees that reveal or disclose the specific consulting services, processes, methods, procedures and techniques employed by, or activities undertaken by, CLS on behalf of AgustaWestland, documents received from AgustaWestland in the process of performing services on behalf of AgustaWestland, and documents showing time-log entered by CLS's employees on AgustaWestland's account; and (b) AgustaWestland's records, statements, correspondence including e-mails and fax transmissions, and other documents or information that reveals or discloses the specific consulting services, processes, methods, procedures and techniques employed by, or activities undertaken by, CLS on behalf of AgustaWestland, including but not limited to, any parts of AgustaWestland's financial statements, management meeting minutes, payment records, any information or documents received from CLS, Daniel G. Hill (Hill) and other CLS's

employees, e-mail and other correspondence records between AgustaWestland and Hill and other CLS's employees that reveal or disclose the specific consulting services, processes, methods, procedures and techniques employed by, or activities undertaken by, CLS on behalf of AgustaWestland, and any documents provided to CLS during the time CLS provided services to AgustaWestland.

17. Nothing in this Order shall prevent any party from moving for an amendment of this Order, nor shall it prejudice in any way the rights of a party to apply to the Court for any greater or lesser protection with respect to the confidentiality of a document as that party may consider appropriate and for which good cause is shown. Any amendment to this Order must be in writing.

It Is So Ordered:

*(signature)*
Judge Gladys Kessler
U.S. District Court for the District of Columbia

Date: *Jan 16, 2006*
CC:
Gregory B. Craig, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005

David A. Holzworth, Esq.
LEPON HOLZWORTH & KATO PLLC
1225 19th Street, N.W., #500
Washington, DC 20036

Case 1:05-cv-02389-GK    Document 12    Filed 01/17/2006    Page 8 of 8
Case 1:05-cv-02389-GK    Document 11    Filed 01/13/2006    Page 8 of 8

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, hereby attest that I have read the attached Protective Order entered in *Chlopak, Leonard, Schechter and Associates, Inc. v. AgustaWestland, Inc. et al.*, Civil Action No. 05-2389 (GK), in the United States District Court for he District of Columbia, and that I agree to be bound by the terms and conditions of that Order and submit to the jurisdiction of the Court to enforce this Agreement.

Name: _____

Date: _____