IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHLOPAK, LEONARD, SCHECHTER AND ASSOCIATES, INC. ) ) ) ) | |
| Plaintiff ) ) | Civil Docket No.: 1:05-cv-02389-GK |
| v. ) ) | Judge Gladys Kessler |
| AGUSTAWESTLAND, INC., et al. ) ) | |
| Defendants. ) ) | |

**JOINT MEET-AND-CONFER STATEMENT
PURSUANT TO LOCAL CIVIL RULE 16.3(D)**

In accordance with Local Civil Rule 16.3(D), the plaintiff, Chlopak, Leonard, Schechter and Associates, Inc. ("CLS") and the defendants, AgustaWestland, Inc. and Mr. Daniel G. Hill (together, the "Defendants") submit this Joint Meet-and-Confer Statement in preparation for the Initial Status Conference set for Wednesday, January 25, 2006, at 9:30 a.m. This statement is based upon the teleconference of counsel that was held on Tuesday, January 3, 2006, pursuant to Local Civil Rule 16.3(A), and attended by: Gregory B. Craig and Amanda M. MacDonald for CLS, and David A. Holzworth, Hiromi Maruyama and Gene Namgoong for Defendants.

I.   **Statement of the Case and Statutory Basis for Claims**

   A.   <u>CLS</u>

CLS brings this action against AgustaWestland, Inc. and Mr. Daniel G. Hill in an effort to enforce agreements that were in place between CLS and Mr. Hill on the one hand and between CLS and Agusta on the other. Mr. Hill, a former employee of CLS, entered into an agreement with CLS when he was an employee of CLS, in which he covenanted that after terminating his employment, he would not provide similar services for a client or former client of CLS. In addition, Agusta and CLS entered into an agreement in which Agusta covenanted that it would not employ a CLS employee or a former CLS employee within one year of the end of their employment with CLS. Mr. Hill is now employed at Agusta and is, on information and belief, performing duties prohibited under his agreement with CLS. CLS contends that Mr. Hill's employment at Agusta constitutes a breach of both agreements. Further, CLS contends that each party tortiously interfered with the others' performance under the agreements, and that each conspired to beach the agreements.

CLS has brought claims for breach of contract, tortious interference with a contract, and civil conspiracy, all of which are based on the common law.

B.  Defendants

Defendants AgustaWestland, Inc. and Daniel G. Hill denied CLS's claims for alleged breach of contract, alleged tortious interference with a contract, and alleged civil conspiracy. Agusta's and Mr. Hill's defenses include, among other things, the lack of legally enforceable restrictions on Mr. Hill's employment by Agusta's related

entity, a few weeks short of a year after the service agreement expired, for purposes substantially unrelated to services performed by CLS on Agusta's behalf.

Counterclaim Plaintiff AgustaWestland, Inc. filed counterclaim against CLS to recover compensatory and punitive damages for breach of contract, unjust enrichment, intentional misrepresentation in billing for services and breach of fiduciary duty.

The service agreement between CLS and Agusta provided that CLS must treat all documents as confidential and must not disclose or use any confidential information for any purpose except with Agusta's express, written prior approval. The agreement further provided that the confidentiality provision would survive beyond the conclusion or termination of the contract. During the negotiation of the terms of the agreement and during the subsequent provision of services by CLS to Agusta, Stephen C. Moss, President of Agusta, repeatedly emphasized the importance of complete confidentiality as to the nature and scope of CLS' services. After the agreement lapsed on May 12, 2004, CLS continued to provide services on a month-to-month basis until March 4, 2005, at which time Agusta terminated its business relationship with CLS.  In August 2004, Daniel G. Hill brought to the attention of CLS that the firm was overbilling Agusta for services rendered on a month-to-month basis.  CLS, nevertheless, made no immediate fee adjustment, and failed to make an appropriate adjustment when a partial adjustment was finally made.  In 2005, after all services to Agusta had been terminated, CLS prepared and used a slide presentation to solicit clients that contained: (1) the Agusta company

logo; and (2) a description of the services rendered by CLS.  Principals of CLS who made the presentations also orally described in significant detail the actual services rendered to Agusta and the ways in which the services were rendered.  CLS did not notify Agusta of its intention to solicit other clients by using the Agusta name and case studies, and did not obtain prior written approval from Agusta.

Agusta contends that CLS's use of Agusta's name and logo and disclosure in significant detail of the nature of services rendered by CLS on Agusta's behalf constitutes a breach of confidentiality clause of the service agreement.  Agusta further contends that CLS negligently misrepresented, and was unjustly enriched, by overbilling Agusta for services not actually rendered.

**II.    Summary of Rule 16.3(c) Discussion**

TOPIC NO. 1:  Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF THE PARTIES:  CLS believes that Defendant AgustaWestland, Inc.'s counterclaims may be disposed of in its Motion to Dismiss.  AgustaWestland, Inc. disagrees for the reasons stated in its opposition memorandum.  However, the parties agree that discovery on issues in the case should not await a decision on the CLS motion.  In addition, the parties believe that the case might be suitable for disposition by cross-motions for summary judgment after discovery has occurred.

TOPIC NO. 2:  The date by which any other parties shall be joined or the pleadings amended; and whether some or all of the factual and legal issues can be agreed upon and narrowed.

POSITION OF THE PARTIES: The parties agree that once discovery has begun, there may then be a need to join other parties or to amend the pleadings. The parties propose a deadline to join parties or amend the pleadings in the discovery plan listed below. At the present time, no factual or legal issues have been agreed upon or narrowed; however, the parties may consider the possibility of such an agreement after further discovery in the case.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF THE PARTIES: CLS believes that this case should not be assigned to a magistrate judge for purposes of trial. Defendants are amenable to any assignment for purposes of trial if the Court so desires. The parties defer to the Court on whether the case should be assigned to a magistrate judge for discovery purposes.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF THE PARTIES: There is no realistic possibility of settling the case at this time, but the parties may consider the possibility of settlement in the future.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

POSITION OF THE PARTIES: Both parties have discussed the possibility of ADR with their clients. CLS believes that at the present time, this

case would not benefit from the Court's ADR procedures. However, the parties agree that ADR may be appropriate after discovery is complete.

TOPIC NO. 6: Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF THE PARTIES: The parties agree that this case might be suitable for disposition by cross-motions for summary judgment after discovery has occurred. The parties propose various deadlines in the discovery plan listed below.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.

POSITION OF THE PARTIES: The parties agree that no modifications are necessary to the scope, form, or timing of the initial disclosures under Rule 26(a). In accordance with Local Civil Rule 26.2(a), the parties will exchange their initial disclosures on January 17, 2006.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF THE PARTIES: Given the discovery that will be required in this case, the parties believe that discovery should continue until May 31, 2006. Other relevant dates for discovery are listed in the discovery plan below. The parties agree that the following limits should be placed on discovery: (i) each side will be permitted 15 interrogatories, subject to the right to reconsider this

limitation at a later time; and (ii) each side will be permitted to take 7 depositions, subject to the right to reconsider this limitation at a later time.

Defendants believe that a protective order is necessary in view of the confidentiality provisions of the agreements from which this litigation arises. CLS does not believe a protective order is necessary.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions of experts should occur.

POSITION OF THE PARTIES: The parties agree that the exchange of expert witness reports and information as set forth in Rule 26(a)(2), Fed. R. Civ. P., should apply to this case. The schedule for such reports is proposed in the discovery plan listed below.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF THE PARTIES: This topic does not apply because this case is not a class action.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF THE PARTIES: The parties agree that the trial and discovery should not be bifurcated or conducted in stages.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

7

POSITION OF THE PARTIES:  The parties request that the Court schedule a pretrial conference, should it be necessary, after the disposition of summary judgment motions.

TOPIC NO. 13:  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF THE PARTIES:  The parties agree that a trial date should be set at the pretrial conference.

TOPIC NO. 14:  Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF THE PARTIES:  At this time, the parties have no other matters appropriate for inclusion in the scheduling order.

## III. Proposed Discovery Plan

The parties suggest the following schedule:

| Date | Event |
| --- | --- |
| January 17, 2006 | The parties exchange Rule 26(a)(1) initial disclosures;  Defendants submit proposed protective order |
| February 28, 2006 | The parties exchange witness lists |
| March 13, 2006 | Deadline for serving requests for the production of documents |
| March 31, 2006 | Deadline for designating experts and providing expert reports |
| April 25, 2006 | Deadline for serving requests for admission |
| May 1, 2006 | Deadline to join parties or amend pleadings |
| May 31, 2006 | Close of all discovery |
| June 30, 2006 | Deadline for filing dispositive motions |

| | |
|---|---|
| July 21, 2006 | Deadline for filing response or cross-motion by non-filing party |
| August 11, 2006 | Deadline for filing reply / response to cross-motion by moving party |
| September 1, 2006 | Deadline for filing reply by non-moving party |
| October 2, 2006 | Deadline for Court's decision on dispositive motions. |
| After disposition of summary judgment motions (if necessary) | Pre-Trial conference |

Dated:  January 17, 2006	Respectfully submitted,

	WILLIAMS & CONNOLLY LLP


	By:   /s/ Gregory B. Craig
	      Gregory B. Craig (D.C. Bar No. 164640)

	725 Twelfth Street, N.W.
	Washington, D.C.  20005
	(202) 434-5000

	Counsel for Plaintiff Chlopak, Leonard,
	Schechter and Associates, Inc.


	LEPON HOLZWORTH & KATO PLLC


	By:   /s/ David A. Holzworth
	David A. Holzworth (D.C. Bar No. 322966)
	Hiromi Maruyama (D.C. Bar No. 484098)

	1225 19th Street, N.W. #500
	Washington, D.C. 20036
	(202) 857-0242

	Counsel for Defendants AgustaWestland,
	Inc. and Mr. Daniel G. Hill.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHLOPAK, LEONARD, SCHECHTER AND ASSOCIATES, INC.** ) ) ) ) | |
| Plaintiff ) | Civil Docket No.: 1:05-cv-02389-GK |
| ) v. ) ) | |
| **AGUSTAWESTLAND, INC., et al.** ) ) | |
| Defendants. ) ) | |

## SCHEDULING ORDER

Upon consideration of the schedule proposed in the parties' Joint Meet and Confer Statement filed pursuant to Local Civil Rule 16.3(d) on January 17, 2006, it is hereby **ORDERED** as follows:

(1) The parties shall exchange their initial disclosures required by Fed. R. Civ. P. 26(a)(1) by Tuesday, January 17, 2006;

(2) Defendants shall submit a proposed Protective Order by January 17, 2006;

(3) The deadline for exchanging witness lists is February 28, 2006;

(4) The deadline for serving all requests for the production of documents is March 13, 2006;

11

(5)     The parties shall designate experts and provide expert reports by March 31, 2006.

(6)     The deadline for serving all requests for admission is April 25, 2006;

(7)     The parties' motions to amend their pleadings and to add parties are due by May 1, 2006;

(8)     Discovery shall be completed by May 31, 2006;

(9)     The moving party shall file its dispositive motion by June 30, 2006;

(10)    By July 21, 2006, the responding party shall file: (i) its Opposition to the moving party's dispositive motion and (ii) its dispositive cross-motion;

(11)    By August 11, 2006, the moving party will file its Reply to the non-moving party's Opposition, and the non-moving party will file its Opposition to the dispositive cross-motion;

(12)    By September 1, 2006, the responding party will file its Reply in support of its dispositive cross-motion.

**DONE AND ORDERED** on this _____ day of _____, 2006.

                                                                               _____
                                                                               The Honorable Gladys Kessler
                                                                               United States District Court Judge

Copies to:

Gregory B. Craig, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005

David A. Holzworth, Esq.
LEPON HOLZWORTH & KATO PLLC
1225 19th Street, N.W., #500
Washington, D.C. 20036

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 17th day of January, 2006, I caused true and correct copies of the foregoing "Joint Meet-and-Confer Statement Pursuant to Local Civil Rule 16.3(D)," with the proposed scheduling order, to be filed electronically and also sent via first-class mail, postage prepaid, to:

> David A. Holzworth
> Hiromi Maruyama
> Lepon Holzworth & Kato PLLC
> 1225 19th Street, N.W., #500
> Washington, D.C. 20036
> Tel: (202) 857-0242
> Fax: (202) 857-0189
>
> *Attorney for Defendants*

By:   ___/s/ Gregory B. Craig_____
           Gregory B. Craig