

www.clsdc.com

February 12, 2004

Stephen Moss
President
AgustaWestland Inc.
2231 Crystal Drive
Suite 1114
Arlington, VA 22202

Dear Mr. Moss:

This letter is designed to serve as an agreement between us as we begin working together on your strategic communications issues. We look forward to working with you on this project, and further developing the scope of work to be performed at our meeting on Friday.

This letter sets forth the terms of our 'Agreement':

1.  Effective February 12, 2004 until May 12, 2004, AgustaWestland Inc. (hereafter, AW) will retain the professional services of Chlopak, Leonard, Schechter and Associates, Inc., in partnership with Bairds USA, LLC (hereafter, "CLS") as communications counselors. This contract can be extended beyond May 12, 2004, with a simple letter of agreement amending this contract between the parties.

2.  During the period of this agreement, CLS will work closely with AW to provide strategic advice and counsel, create and produce communications materials as needed, distribute materials to and interface with the media, and provided communication services as directed by the client.

3.  In consideration for the above described services, AW agrees to compensate CLS at a fixed fee of $60,000 per calendar month. Fees for partial months will be prorated accordingly. Fees shall be invoiced and are payable within 30 days

4.  CLS will treat all documents as confidential. In the process of providing to AW the services encompassed by this contract, CLS may receive or may otherwise obtain confidential information, the disclosure of which beyond AW, its authorized agents, and CLS, is not authorized. CLS will not disclose or use any confidential information, in any form, for any purpose except with AW's express, written prior approval. Information that is or becomes available in the public domain through no fault of CLS



EXHIBIT
A

---

1850 M Street NW  Suite 550  Washington, DC 20036  •  220 East 42nd Street  Suite 408  New York, NY 10017
Phone: (202) 289 5900  Fax: (202) 289 4141              Phone: (212) 515 1908  Fax: (212) 515 1976

A Gavin Anderson Company

or any of CLS's employees, or is not acquired by CLS or CLS's employees from FPC or from sources known by CLS or CLS's employees to be in breach of a confidentiality agreement with AW, will not be deemed confidential information that is subject to the provisions of this paragraph. This provision will survive beyond the conclusion or termination of this contract.

5. CLS will be entitled to bill all reasonable out-of-pocket expenses each month. Fax service is provided for a fee of $.75 per page and copy service is provided for a fee of $.25 per page. Telephone service is provided at-cost, plus applicable taxes and administrative fees.

6. CLS will bill all collateral material, advertising production, and outsourced services at cost, plus a 17.65% industry standard management fee. CLS shall be entitled to receive a 50% deposit, in advance, for all approved collateral material and production expenses. For advertising placement, CLS will charge a commission based on the standard industry rate of 15%.

7. AW will indemnify and hold harmless CLS, its partners, principals, agents and employees (hereinafter "Indemnified Parties") from and against any losses, damages, claims, liabilities and expenses (including, without limitation, as a result of third party demands, legal proceedings or law suits, or requests or subpoenas served on any Indemnified Party for information, reports, data, or releases), including reasonable attorneys fees and expenses, suffered by Indemnified Parties as a result of the services rendered by Indemnified Parties in the course of this engagement or as a result of Indemnified Party's reasonable use of, or reasonable reliance upon, any information or materials (whether or not in writing) furnished or approved by AW or its specifically authorized representatives for use by any Indemnified Party, whether or not any Indemnified Party prepares or participates in the preparation of such materials, provided however, that this provision shall not apply to any losses suffered by Indemnified Parties that are determined in a final judgment by a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Party seeking indemnification hereunder. This provision shall survive the termination of this agreement and shall continue to bind both parties.

8. AW agrees it will not offer employment to, or employ, a CLS employee for its own or another's benefit, either directly or through affiliates, subsidiaries, agents, sub-contractors or other related parties, either while the employee is employed by CLS, or for a period of one year after the employee ceases to be employed by CLS. This obligation shall remain in effect during the life of this agreement and for one year after the end of this agreement. CLS agrees to be bound by an identical obligation with regard to employees of AW. In the event that this provision may be deemed to be counter to employment laws, and one party to this agreement directly or indirectly employs an employee of the other, the employing party agrees to pay the other, simultaneously with such employment, an amount equal to 1.5 times the employee's total annual compensation in respect of the prior calendar year.

9. All notices, requests, demands and other communications which are required or may be given under this Agreement shall be in writing and shall be deemed to have duly been given if delivered personally or mailed, first class mail, postage prepaid, return receipt requested, or by any other express delivery technique calling for receipted delivery, as follows:

   If to CLS:

   Chlopak, Leonard, Schechter and Associates, Inc.
   Attn: Robert A. Chlopak
   1850 M Street, NW
   Suite 550
   Washington, DC 20036
   (202) 289-5900
   Fax: (202) 289-4141

   If to AW:

   AgustaWestland Inc.
   Attn: Stephen Moss
   AgustaWestland Inc.
   2231 Crystal Drive
   Suite 1114
   Arlington, VA 22202

   (703) 243-0885
   Fax: (703) 243-7733

   or to such other address as either party shall have specified by notice in writing to the other party. All such notices, requests, demands and communications shall be deemed to have been received on the date of delivery or on the next business day if sent by a nationally recognized overnight courier service.

10. This Agreement constitutes the entire agreement between the parties hereto and supersedes all prior agreements and understandings, oral and written, between the parties hereto with respect to the subject matter contained herein.

11. This Agreement shall be governed by, and construed in accordance with, the laws of the District of Columbia.

12. The terms and conditions of this contract may not be altered, changed or amended except by mutual written agreement of AW and CLS or as otherwise expressly provided for in this agreement.

13. This agreement may be terminated without cause by either CLS or AW upon receiving written notification at least 30 days prior to the intended date of termination, providing all fees and expenses have been paid in full through the 30 day termination period. Upon the termination of this Agreement, this Agreement shall cease to have any further effect (except as pertains to the provisions of this Agreement which specifically survive its termination).

Your signature and return to us of an original copy of this letter shall constitute acceptance of the terms defined herein.

Once again, thank you for this opportunity and your confidence in CLS. We look forward to working with you.

Sincerely,

_____      2-12-04
Robert A. Chlopak                    Date
President
Chlopak, Leonard, Schechter and
Associates, Inc.

Accepted:

_____      2-13-04
Stephen Moss                         Date
President
AgustaWestland, Inc.

CC: