**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CHLOPAK, LEONARD, SCHECHTER** | ) | |
| **AND ASSOCIATES, INC.** | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action No.:  05-2389 (GK)** |
| | ) | |
| **v.** | ) | **Judge Gladys Kessler** |
| | ) | |
| **AGUSTAWESTLAND, INC., et al.** | ) | **Next Scheduled Deadline:** |
| | ) | |
| **Defendants.** | ) | Request for Admissions |
| | ) | May 10, 2006 |

<u>**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**</u>
<u>**MOTION FOR LEAVE TO EXTEND DEADLINES**</u>

There is no "good cause" to modify the existing Scheduling Order, and Defendants' claim that the schedule for discovery set forth in that Order "cannot reasonably be met" is simply not true.  Plaintiff – Chlopak Leonard Schechter & Associates ("CLS") – has been diligent in complying with Defendants discovery requests.[1]  With the exception of the *Defendants*' glaring failure to provide responsive electronic documentation from the most critical weeks and months of September 2004-March 2005,[2] the parties have produced what there is to be produced and the necessary depositions have been taken or are scheduled to be taken in May.

In truth, the case is ready for adjudication today – either by summary judgment or by trial.  There are no material facts in dispute, and the only real issues have to do with the parties'

---

[1]     On April 14, 2006, for example, Plaintiff notified Defendants that, "[A]t this time, CLS has produced all of the nonprivileged documents in its possession that are responsive to defendants' requests."

[2]     Plaintiff believes that a spoliation instruction giving Plaintiff the right to argue an adverse inference from the absence of these materials is more than warranted in this case, but that issue is for another day.  Defendants' failure to produce documents is hardly "good cause" for granting Defendants' request that the Scheduling Order be modified.

dueling interpretations of the relevant contracts and the relevant law.  Defendants only seek to postpone the inevitable moment of truth.

Breathlessly, the Defendants' announce that they have "discovered evidence" to suggest that Plaintiff paid a finder's fee to Francois Baird.  Mr. Baird has made himself available for deposition during the month of May, and Defendants will have a full and unlimited opportunity to inquire at that time.  The following additional information is relevant to Defendants' effort to extend the discovery deadline:

- From the very beginning of CLS' relationship with AgustaWestland, the existence of Francois Baird has been known to both Defendants.

- From the very beginning of CLS' relationship with AgustaWestland, Defendant Daniel Hill has known about the fee arrangements with Francois Baird.  Defendant AgustaWestland presumably learned about this arrangement from Mr. Hill when the litigation began.  The existence of such an arrangement can come as no surprise to anyone.

- CLS has never made any effort to conceal the existence of its arrangement with Francois Baird, and CLS has produced documents explaining the arrangement in great detail.  There is no factual dispute here, and there is nothing more to know here.

Mr. Baird's existence has been known *by all the Defendants* from the very beginning of the CLS-AgustaWestland relationship.  The fact that Baird received a finder's fee was known to Defendant Hill from the very beginning of the relationship, and has certainly been known *by all the Defendants* from the beginning of this litigation.  The existence of Mr. Baird and the fact that CLS paid him a finder's fee does not warrant or justify any change in the Court's Scheduling Order.

Defendants also refer to an allegation that Mr. Baird's company split its finder's fee with "an individual who is the current registered agent for Baird's . . . was a former associate of Baird's . . . [and] is currently an employee of an affiliate of AgustaWestland."  Defendants refer to Mr. James Swanson.  Like Mr. Baird, Mr. Swanson is someone whose existence was known

*by all the Defendants* from the very start of the CLS-AgustaWestland relationship. To resolve

any question about Mr. Swanson's role, Plaintiff has noticed Mr. Swanson's deposition for May

17, 2006. To the extent that Defendants have any questions about arrangements between these

third parties – i.e., between Mr. Baird and Mr. Swanson – they will have a full and unrestricted

opportunity to inquire. The existence of Mr. Swanson does not warrant or justify any change in

the Court's Scheduling Order.[3]

Defendants claim that they "also need to conduct further discovery from the entities to

which CLS made their sales pitch about the actual contents of both oral and written

presentations." That Defendants intend to seek "further" discovery from these entities comes as

a complete surprise inasmuch as Plaintiff is unaware of any such discovery ever having been

conducted in the first place. Almost two months ago (March 13, 2006), Plaintiff provided

Defendants with detailed information about these entities. To Plaintiff's knowledge, Defendants

have done absolutely nothing to follow up. Moreover, when given an opportunity to ask

questions of Peter Schechter – one of the CLS employees who referenced CLS' work for

AgustaWestland when making a presentation to a potential client – Defendants' counsel did not

ask a single question aimed at exploring that issue.

## CONCLUSION

There is no good reason to modify the court's Scheduling Order, and Defendants' motion

should be denied.

---

[3]    CLS believes, of course, that the existence of a finder's fee sheds no light whatsoever on
Defendants' claim of over-billing. The real issue is whether CLS ever charged AgustaWestland
more than had been agreed to, and the evidence is not in dispute on that subject.

Respectfully submitted,

Dated:  May 5, 2006                    By:_____/s/  Gregory B. Craig_____
                                            Gregory B. Craig (D.C. Bar 164640)
                                            Amanda M. MacDonald (*pro hac vice*)

                                            WILLIAMS & CONNOLLY LLP
                                            725 Twelfth Street, N.W.
                                            Washington, DC 20005
                                            (202) 434-5000 – Phone
                                            (202) 434-5029 – Fax

                                            *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May, 2006, I caused to be served the foregoing
Plaintiff's Opposition to Defendants' Motion for Leave to Extend Deadlines upon all counsel of
record, a copy thereof by the Court's Electronic Case Filing System:


David A. Holzworth
Hiromi Maruyama
Lepon Holzworth & Kato PLLC
1225 19th Street, N.W., #500
Washington, D.C. 20036
Tel:  (202) 857-0242
Fax: (202) 857-0189

*Attorneys for Defendants*


By:      /s/    Gregory Craig
         Gregory B. Craig