UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHLOPAK, LEONARD, SCHECHTER AND ASSOCIATES, INC.<br>    **Plaintiff and**<br>    **Counterclaim Defendant,**<br>v.<br><br>AGUSTAWESTLANT, INC.<br>    **Defendant and**<br>    **Counterclaim Plaintiff,**<br><br>DANIEL G. HILL<br>    **Defendant.** | Civil Action No.: 1:05cv2389<br>Judge Gladys Kessler<br>Next Scheduled Event:<br>    Request for Admissions Due<br>    May 10, 2006 |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF AUGUSTAWESTLAND'S AND DEFENDANT DAN HILL'S REPLY TO PLAINTIFF CLS'S OPPOSITION TO THEIR MOTION FOR LEAVE TO EXTEND DEADLINES**

Proud of its "bare knuckles" reputation, CLS has conducted discovery in this case by camouflage and apparently choreographed avoidance. One of the two organic documents for CLS's claims, attached as Exhibit B to the Complaint, is a February 12, 2004 letter agreement between AgustaWestland, Inc. (AWI) and "CLS, in partnership with Baird's USA, LLC," a non-existent entity. Francois Baird occupies space in CLS's offices and advertises on a website that he is associated with CLS, yet it appears that none of 21,000 pages of largely irrelevant and immaterial documents produced by CLS in discovery came from Baird's files.

On April 10, 2006, even before CLS notified defendants that its document production was complete, AWI and Mr. Hill attempted to serve a subpoena duces tecum (Exhibit 1 Attached) on one of Mr. Baird's companies, Bairds U.S., LLC through its registered agent in Virginia, the same individual who may have been splitting

undisclosed and unearned fees invoiced to AWI by CLS. That individual represented that Mr. Baird was out of the country and would accept service when he returned. AWI made repeated and unsuccessful attempts to contact and serve Mr. Baird. (Exhibit 2 Attached)

An attorney for Mr. Baird contacted AWI counsel in this case on May 1, 2006. After some discussion, Baird's counsel agreed to accept service of a subpoena duces tecum for Mr. Baird, with a return date of May 22. He then offered May 9 or 10 for Mr. Baird's deposition, two days when undersigned counsel will be in San Francisco as anti-trust counsel for the Japanese Electronic Industry Trade Association and the Japanese Semiconductor Industry in a meeting of the World Semiconducter Counsel. This meeting was scheduled a year ago and will be attended by association representatives traveling to the meeting from the Peoples Republic of China, Taiwan, Korea, and the European Union in addition to various parts of the United States.

CLS counsel has been aware for some time that May 9 through 13 has been unavailable for depositions. Undersigned counsel requested that Mr. Baird be deposed on Monday, May 8. Mr. Baird's counsel represented that Mr. Baird would not be available for deposition on May 8. He further represented that Mr. Baird would be departing for Johannesburg, South Africa later this week and would not be in the United States again until mid-June. It is apparent from Plaintiff's opposition that CLS counsel was fully aware of the discussions between Baird's counsel and AWI counsel. CLS counsel was, in fact, copied on several e-mail exchanges.

CLS's suggestion that AWI should be subject to a spoliation instruction because of problems with locating old computers and electronic files is equally specious. If anything, CLS should be assessed the cost of the document recovery effort including, but

2

not limited to, the estimated $30,000 paid to an IT consultant to locate and extract electronic files. An assessment of these costs would be justified because CLS now takes the position that discovery they were so insistent upon obtaining is now unnecessary.

CLS's account of the "facts" underlying the concealed fee splitting arrangement with Mr. Baird buries the headlines. In January 2004, three people pitched the AWI business – Peter Schechter, Francois Baird and Dan Hill. The pitch and the subsequent agreement were made by "CLS, in partnership with Bairds U.S.A., LLC." CLS, in partnership with Baird, expressly represented that the account required senior level attention. CLS, in partnership with Baird, priced the contract with AWI on the basis that Schechter and Baird would both be working substantial time on the account. In fact, Baird left the country almost immediately. Discovery to date has yielded no evidence that he spent any significant amount of time on the account. Peter Schechter was apparently writing a book and was absent from the office at least two days every week. Even so, Schechter "recorded" significant time on the account and testified that he "under reported" his time. CLS has produced very little work product for Peter Schechter.

At the initial status hearing, the parties agreed to be guided by the Court's preference for the parties to conduct meaningful settlement discussions before pressing headlong into discovery. When an early date could not be found that was available for all parties, AWI agreed to CLS's proposal to go forward with document production and to conduct two depositions per side out of seven each side was permitted to schedule. CLS now wants to compress the remaining five depositions per side into an unreasonably compact schedule.

3

Contrary to CLS's assertion, AWI and Mr. Hill have not completed the most significant part of their planned depositions. Mr. Leonard has been made available for a half day and no return date has yet been made available. Mr. Chlopak, perhaps the most central player for CLS, has not yet agreed to a deposition date. Shannon Hunt, CLS's custodian of documents and a significant witness on the development and unauthorized use of CLS's AWI case study and trademarked logo, went on maternity leave a few days before her scheduled deposition. CLS has not disclosed when Ms. Hunt will be returning.

AWI and Mr. Hill believe that one issue is ripe for summary judgment: the absence in Mr. Hill's agreement with CLS of any express prohibition against accepting an offer of employment with an AWI affiliate, even if AWI were properly characterized as a CLS client as opposed to a client of CLS, in partnership with Baird or as a client of Baird. The CLS claim against Mr. Hill should never have been made. CLS now wants to amend its complaint to state a breach of a common law duty of loyalty, but does not want Mr. Hill to have a fair opportunity to pursue discovery against CLS on such an amended claim. Nevertheless, AWI and Mr. Hill believe that discovery on all claims should be completed in an orderly fashion before the briefing phase of the case begins.

**CONCLUSION**

For the reasons set forth above, good cause exists for extending all pending deadlines by thirty days.

Respectfully submitted,

By: _____
David A. Holzworth (D.C. Bar 322966)
Hiromi Maruyama (D.C. Bar 484098)
LEPON HOLZWORTH & KATO PLLC
1225 19th Street, N.W., #500
Washington, D.C. 20036
Tel: (202) 857-0242
Fax:(202) 857-0189

Counsel for the Defendant and
Defendant/Counterclaim Plaintiff

Date: May 8, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant and Counterclaim Plaintiff AgustaWestland's and Defendant Dan Hill's Reply to Plaintiff CLS's Opposition to Their Motion for Leave to Extend Deadlines was sent by e-mail and U.S. first-class mail on May 8, 2006 to the following:

    Gregory B. Craig, Esq.
    Williams & Connolly, LLP
    725 12th Street, N.W.,
    Washington, DC 20005

    Counsel for Plaintiff and Counterclaim Defendant

    /s/ Elizabeth Eaton
    Elizabeth Eaton
    Administrative Assistant
    LEPON HOLZWORTH & KATO, PLLC
    1225 19th Street, NW, Suite 500
    Washington, DC 20036
    Tel: 202-857-0242

1