AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
## DISTRICT OF COLUMBIA

Chlopak, Leonard, Schechter
& Associates, Inc.
   Plaintiffs,

V.

AgustaWestland, Inc.
Daniel G. Hill,
   Defendants.

SUBPOENA IN A CIVIL CASE

CASE NUMBER:1  05-cv-02389-GK

To: Bairds U.S., LLC
    1101 S. Arlington Ridge Rd. #303
    Arlington, VA 22202

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  Please see Attachment A

| PLACE  Lepon Holzworth & Kato, PLLC<br>1225 19th St., NW, #500, Washington, DC 20036 | DATE AND TIME<br>April 28, 2006 at 10:00AM |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
Attorney for Defendants

DATE  Apr 4, 2006

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER    David A. Holzworth   Lepon Holzworth & Kato, PLLC
Tel: 202.857.0242                                    1225 19th St., NW, #500, Washington, DC 20036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.



AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    Date

_____
Signature of Server

_____
Address of Server

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. if objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. if objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena. quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS

1. *Agent:* The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

2. *Agusta:* The term "Agusta" means Defendant AgustaWestland, Inc., its parents and affiliates.

3. *Bairds:* The term "Bairds" means Bairds U.S., LLC to which this subpoena is addressed, including its agents, employees, officers, directors, parent companies, subsidiaries, affiliates, and Mr. Francois Baird

4. *CLS:* The term "CLS" means Plaintiff Chlopak, Leonard, Schechter and Associates, Inc., its agent, employee, officer, director, attorney or any other person acting at the direction or on behalf of Chlopak, Leonard, Schechter and Associates, Inc.

5. *Communication:* The term "communication" means the transmittal of information by any means.

6. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

7. *Date:* The term "date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

8. *Document:* The term "document" as used herein includes written (by hand or mechanically), typed, reproduced by any mechanical process, recorded and printed matter of every kind and description, including, without limitation, the originals and copies of the following items: account records and statements, agreements, assignments, bills, contracts, calendars, charts, check registers, communications, correspondence, data compilations, daytimers, diaries, directories, drafts, drawings, electronically-stored documents not existing in hardcopy form, faxes, indexes, invoices, leases, ledgers, letters, liens, lists, any machine-produced documents (computer or otherwise), marginal comments appearing on any document, memoranda, notes and notebooks, notes and minutes of meetings or conferences, notes and records of any oral communication, notices, opinions, photographs, plans, policies, proformae, proposals, publications, public documents, receipts, recordings, whether audio or visual (mechanical, electrical or otherwise), reports, stock certificates and any document related to stocks, stock options, summaries of records or other documents, tax returns and other required filings, telegrams and time records.

9. *February 12, 2004 Agreement:* The term "February 12, 2004 Agreement" means the letter of agreement dated February 12, 2004 between CLS and Agusta under which CLS was to provide certain public-relations consulting-services.

10. *Hill:* The term "Hill" means Defendant Daniel G. Hill.

11. *Identify (with respect to persons):* When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

12. *Identify (with respect to documents):* When referring to documents, to "identify" means to state the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

13. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

14. *Person:* The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

15. *Pertain to/pertaining to:* The terms "pertain to" or "pertaining to" shall mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

16. *Third party:* The terms "third party" or "third parties" refers to individuals or entities that are not a party to this action.

17. *You/Your:* The terms "you" or "your" means Bairds U.S., LLC to which this subpoena is addressed, including Mr. Francois Baird, its agent, employee, officer, director, attorney or any other person acting at the direction or on behalf of Bairds U.S., LLC.

18. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

## DOCUMENTS TO BE PRODUCED

1. All documents containing, describing, relating to, concerning, or pertaining to, any agreement or arrangement between Bairds and CLS, under which CLS agreed to pay Bairds a portion of the fees collected from Agusta for the services rendered by CLS under the February 12, 2004 Agreement.

2. All documents containing, describing, relating to, concerning, or pertaining to, any payment received from CLS as commissions for referring Agusta to CLS or in connection with CLS's February 12, 2004 Agreement with Agusta.

3. All documents containing, describing, relating to, concerning, or pertaining to, any work performed by Bairds for Agusta or CLS as CLS performed services for Agusta under the February 12, 2004 Agreement.

4. All documents containing, describing, relating to, concerning, or pertaining to, Bairds' transfer, to a third-party, of any portion of the payments received from CLS as commissions for referring Agusta to CLS or in connection with CLS's February 12, 2004 Agreement with Agusta.

5. All documents containing, describing, relating to, concerning, or pertaining to, the formation of CLS's business relationship with Agusta, which resulted in the February 12, 2004 Agreement with Agusta.