IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHLOPAK, LEONARD, SCHECHTER AND ASSOCIATES, INC. ) ) ) | |
| Plaintiff ) ) | Civil Action No.:  05-2389 (GK) |
| v. ) ) | Judge Gladys Kessler |
| AGUSTAWESTLAND, INC., et al. ) Defendants. ) ) | Next Scheduled Deadline: Requests for Admission June 9, 2006 |

**PLAINTIFF CHLOPAK, LEONARD, SCHECHTER AND ASSOCIATES, INC.'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT AND ADD A PARTY**

Plaintiff Chlopak, Leonard, Schechter and Associates, Inc. ("CLS"), by and through undersigned counsel, hereby moves pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to file a First Amended Complaint. In accordance with Local Civil Rule 7(m), counsel for CLS and counsel for Defendants discussed this motion on April 28, 2006, May 2, 2006, and subsequently via e-mail. Defendants' counsel opposed this motion. For the reasons set forth in the accompanying memorandum, CLS respectfully requests that the Court grant its Motion for Leave to Amend Its Complaint and to Add a Party.

The proposed First Amended Complaint is attached hereto as Exhibit A. A Proposed Order is attached as Exhibit B.

Respectfully submitted,

Dated:  May 9, 2006               By:_____/s/ Gregory  B. Craig_____
    Gregory B. Craig  (D.C. Bar  164640)
    Amanda M. MacDonald (*pro hac vice*)

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

Attorneys for Plaintiff, Chlopak, Leonard, Schechter and Associates, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHLOPAK, LEONARD, SCHECHTER AND ASSOCIATES, INC. ) ) ) | |
| Plaintiff ) | Civil Action No.:  05-2389 (GK) |
| ) | |
| v. ) | Judge Gladys Kessler |
| ) | |
| AGUSTAWESTLAND, INC., et al. ) Defendants. ) ) | Next Scheduled Deadline: Request for Admissions June 9, 2006 |

### PLAINTIFF CHLOPAK, LEONARD, SCHECHTER AND ASSOCIATES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT AND ADD A PARTY

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff Chlopak, Leonard, Schechter and Associates, Inc. ("CLS") respectfully requests leave to amend its complaint as reflected in the attached First Amended Complaint (attached hereto as Exhibit A).  The proposed First Amended Complaint contains factual clarifications, the addition of a defendant, and three additional causes of action.  Specifically, the First Amended Complaint adds AgustaWestland North America, Inc. ("AWNA") as a Defendant; it adds a cause of action against Defendant Daniel G. Hill ("Mr. Hill") alleging a breach of his duty of loyalty;  and it adds civil fraud claims against AgustaWestland, Inc. ("Agusta"), AWNA and Mr. Hill.

## ARGUMENT

Over the course of discovery, CLS has learned new information that gives rise to its Motion for Leave to Amend Its Complaint and Add a Party. First, CLS has learned that Mr. Hill is employed by AWNA, not Agusta. While CLS's contract and client-relationship was with Agusta (and not AWNA), CLS will argue that AWNA is clearly bound by the terms of the agreements at issue in this case. AWNA is the newly formed parent company to Agusta. For purposes of this case, the two companies are completely and inextricably intertwined. To protect its interest in enforcing the terms of the contracts at issue in this case, CLS seeks to add AWNA as a Defendant.

In addition, CLS has learned that Mr. Hill engaged in employment negotiations with Agusta and AWNA over a two month period of time prior to accepting a job at AWNA. During this period of time, Mr. Hill continued to work for and on behalf of CLS while actively concealing his conflict of interest. After accepting a position with AWNA, after beginning to work for AWNA and after receiving payments from AWNA, Mr. Hill continued to work for and to accept payment from CLS without disclosing his connection to AWNA. Mr. Hill's deceitful conduct in dealing with Agusta/AWNA – i.e., signing up with AWNA, working for AWNA and taking money from AWNA while still working for CLS – is a central issue in this case. The allegation that Mr. Hill breached his duty of loyalty to CLS is contained in the First Amended Complaint and is related to the underlying issues in this case.

Lastly, CLS has learned in discovery that, from the time of Agusta's initial offer to Mr. Hill in December 2004 to September 2005 – some six months after Mr. Hill ceased his employment with CLS – Mr. Hill and Mr. Stephen Moss (CEO of AWNA and President of Agusta) made material misrepresentations to CLS and its employees about Mr. Hill's actual employment status.  These misrepresentations were made orally and in writing.  As a result of Mr. Hill's and Mr. Moss' intentional deceptions, CLS continued to rely on Mr. Hill to represent its interests in seeking Agusta's payment of fees and expenses that Agusta owed to CLS.  Further, these misrepresentations prevented CLS from taking immediate action to enforce its agreements with Mr. Hill and Agusta and/or AWNA.  CLS first learned about these misrepresentations during discovery.  In addition, these civil fraud claims against Mr. Hill and Agusta and/or AWNA proposed in the First Amended Complaint are related to the underlying issues in this case.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice requires." Fed. R. Civ. P. 15(a).  The Supreme Court has held that leave to amend a pleading should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Material Supply Intern., Inc. v. Sunmatch Indus. Co., Ltd.*, 146 F.3d 983, 991 (D.C. Cir. 1998).

Applied here, the factors set forth in *Foman* dictate that CLS should be granted leave to file its First Amended Complaint. First, CLS's First Amended Complaint is timely inasmuch as counsel for the parties' agreed that the deadline to amend the pleadings would be on or before Tuesday, May 9, 2006. Furthermore, CLS has filed this motion for leave to amend only after new information came to light during the course of discovery in April. There is no "undue delay, bad faith, or dilatory motive." *Foman*, 371 U.S. at 182.

Second, this is the first time that CLS has sought leave to amend a pleading in this case. There has been no failure to cure deficiencies by amendments previously allowed.

Third, Defendants will not be prejudiced by the filing of the First Amended Complaint. Several weeks of discovery remain, and the substance of the First Amended Complaint will not affect the scope of discovery. With regard to the addition of AWNA as a defendant, CLS has requested throughout discovery that AWNA's documents be searched along with those of Agusta. Counsel for the Defendants has stated throughout discovery that the Defendants have complied with this request. In addition, CLS served AWNA with a subpoena for documents on April 14, 2006. AWNA and Agusta are headed by the same person – Mr. Stephen Moss – who has been at the center of much of the discovery involved in this case. Other than Mr. Hill and Mr. Moss, CLS is unaware of any other AWNA employees who, as a result of the addition of AWNA as a party, may become

witnesses in the case. AWNA will suffer no prejudice by being added as a Defendant.

In addition, Defendants will not be prejudiced by the addition of the claims that Mr. Hill breached his duty of loyalty to CLS and that both Mr. Hill and Agusta/AWNA committed civil fraud. The information giving rise to these claims was discovered by CLS only after embarking on discovery in this case. By virtue of CLS's and the Defendants' production of documents, Defendants have had access to all of this same information. In fact, both Mr. Hill and Mr. Moss have already given deposition testimony about this information. Further, the additional claims stem from the same conduct that is at issue in CLS's original complaint. As Defendants have already been engaged in defending themselves through the duration of this suit, the addition of civil fraud claims and a breach of the duty of loyalty claim will not prejudice Defendants.

Finally, allowing the filing of the First Amended Complaint would not be futile.

For the foregoing reasons, CLS respectfully requests that its Motion for Leave to Amend Its Complaint and Add a Party.

Respectfully submitted,

Dated:  May 9, 2006

By: /s/ Gregory B. Craig
Gregory B. Craig  (D.C. Bar  164640)
Amanda M. MacDonald (*pro hac vice*)

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel.: (202) 434-5000
Fax:  (202) 434-5029

Attorneys for Plaintiff, Chlopak, Leonard, Schechter and Associates, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion for Leave to Amend its Complaint and Add a Party was caused to be served via the Court's electronic filing system, on this 9th day of May, 2006 to the following counsel:

>David A. Holzworth
>Lepon Holzworth & Kato PLLC
>1225 19th Street, N.W., #500
>Washington, D.C. 20036
>Tel: (202) 857-0242
>Fax: (202) 857-0189
>
>Attorney for Defendants

By: _____/s/ Gregory B. Craig_____
 Gregory B. Craig