UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHLOPAK, LEONARD,<br>SCHECHTER AND ASSOCIATES, INC.<br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>v.<br><br>AGUSTAWESTLAND, INC.<br>    Defendant and<br>    Counterclaim Plaintiff,<br><br>and<br><br>DANIEL G. HILL<br>    Defendant. | Civil Action No.: 1:05-cv-02389-GK<br>Judge Gladys Kessler<br>Next Scheduled Event: Requests for<br>    Admissions Due<br>    June 9, 2006 |

**DEFENDANT'S AND DEFENDANT/COUNTERCLAIM PLAINTIFF'S
MEMORANDUM IN OPPOSITION OF PLAINTIFF/COUNTERCLAIM
DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS
COMPLAINT AND ADD A PARTY**

**INTRODUCTION AND SUMMARY OF ARGUMENT**

    AgustaWestland, Inc. (AW) and Daniel Hill hereby oppose Plaintiff/Counterclaim Defendant Chlopak, Leonard, Schechter and Associates, Inc.'s (CLS) motion for leave to amend its complaint to add AgustaWestland North America, Inc. (AWNA) as a new defendant, and to allege, as new claims, breach of a fiduciary duty of loyalty against Mr. Hill, and fraud against Mr. Hill, AWNA, and AW. Internal e-mail produced by CLS in discovery (attached hereto as Exhibit 1) indisputably shows that CLS knew, or should have known, on or before April 30, 2005, that Mr. Hill had a "working relationship" with AW. That e-mail also shows that the CLS partners consciously decided to "be lenient" in making any claim against Mr. Hill (and implicitly against AW) so long as Mr. Hill kept CLS in mind for future business referrals. That e-mail, therefore, eviscerates any claim that CLS relied to its detriment on any representation allegedly

1

made by any defendant party that CLS now alleges as a fraud. That e-mail should also operate as an equitable bar against CLS's claim of breach of fiduciary duty against Mr. Hill. Thus, CLS's new claims cannot be based in good faith, much less meet the minimum legal sufficiency and particularity required of pleadings alleging fraud.

Furthermore, the addition of a new party and new claims a little more than 30 days before the extended discovery cut-off would be manifestly unfair to Mr. Hill and AWNA. Both Mr. Hill and AWNA should be allowed to fully explore the factual basis for the new claims through a new round of discovery requests and appropriate depositions. In the event that the amended complaint is accepted for filing, the discovery deadline for Mr. Hill and AWNA should be extended 60 days from the date of filing with both Mr. Hill and AWNA afforded a full opportunity to depose or re-depose witnesses on the factual basis of the new claims.

**ARGUMENT**

    **I.    The Standard of Review.**

Under Fed. R. Civ. P. 9(b), fraud must be pled with particularity as to the time, place and content of the false misrepresentation, the fact misrepresented and what was retained or given up as a consequence of the fraud. *U.S. ex rel. Williams v. Martin-Baker Aircraft Co.,* 389 F.3d 1251, 1256 (D.C. Cir. 2004). In addition, fraud must be established by clear and convincing evidence all of the following elements: (1) a false representation; (2) in reference to a material fact; (3) made with knowledge of its falsity; (4) with the intent to deceive; (5) action taken in reliance upon the representation; and (6) provable damages resulting from the misrepresentation. *See, Atraqchi v. GUMC Unified Billing Serv.,* 788 A.2d 559, 563 (D.C. 2002) *citing Bennett v. Kiggins,* 377 A.2d 57, 59-60 (D.C. 1977); *Kitt v. Capital Concerts, Inc.* 742 A.2d 856,861 (D.C. 1999); *Dresser v. Sunderland Apartments Tenants Ass'n,* 465 A.2d 835, 839 (D.C. 1983). CLS's

fraud claims against Mr. Hill, and AW and AWNA (collectively AW/AWNA) do not meet this standard.

Courts may deny a motion to amend a complaint as futile, when the proposed claim would not survive a motion to dismiss. *James Madison Ltd. v. Hecht,* 82 F.3d 1085, 1099 (D.C. Cir. 1996). CLS's Amended Complaint is futile. As we now show, CLS cannot, in good faith, meet the minimum pleading requirements for the new fraud claims and new party to be added in the proposed amended complaint.

**II. CLS's Fraud Claims against Mr. Hill, AW, and AWNA Do Not Meet Minimum Pleading Requirements, Because CLS Failed to Plead, and Cannot in Good Faith, Plead Reasonable Reliance and Provable Damages.**

As the factual basis for alleged fraud, CLS's Amended Complaint alleges that both Mr. Hill and AW/AWNA misrepresented Mr. Hill's "employment status." *See,* ¶¶83, 88. The Amended Complaint then alleges that the misrepresentations of Mr. Hill and AW/AWNA "prevented CLS from taking immediate action aimed at enforcing [the agreements between CLS, and Mr. Hill and AW respectively]." *See,* ¶¶83, 88. CLS only alleges that "[the Defendants'] actions have resulted in damages to CLS in an amount to be determined at trial." *See,* ¶¶85, 90. The Amended Complaint does not plead with particularity any provable damages foreseeably caused either by CLS's alleged failure to "take immediate action" or directly by the alleged misrepresentation about Mr. Hill's employment status.

Discovery to date clearly shows that CLS knew, or should have known, that Mr. Hill was working for AW/AWNA on or before April 30, 2005. Exhibit 1 (E-mail from Chlopak to Leonard and Schechter dated April 29, 2005). In fact, the April 26, 2005 on-line version of Washington Technology described Dan Hill as "the Executive Vice President of AWNA for governmental affairs." In beggars belief that the April 29, 2005 date of Mr. Chlopak's e-mail

and the April 26, 2005 Washington Technology article were mere coincidence.  Further, CLS had the ability, with the slightest of effort, to determine whether Mr. Hill was working with AW/AWNA.  As later events demonstrated, picking up the phone, calling AW and asking for Mr. Hill would have confirmed that he was working there, but no one at CLS attempted to find out in April 2005 if Mr. Hill was in fact working for AW/AWNA.  *See,* Exhibit 2 (Schechter Depo at 153:5-11).  In addition, an elementary web search would have led to several pieces identifying Mr. Hill with AW/AWNA, as CLS easily found out in September 2005.  *See, e.g.,* Exhibit 3 (E-mail correspondence between Hunt and Chlopak dated September 29, 2005).

Even though CLS clearly knew, or should have known, that Mr. Hill and AW/AWNA had a working relationship, CLS deliberately decided to "be lenient" in anticipation that Mr. Hill should direct future business to CLS.  *See,* Exhibit 1 (E-mail from Chlopak to Leonard and Schechter dated April 29, 2005).  At least two of the CLS partners, Schechter and Leonard, recall discussions with Mr. Hill about the possibility of referral relationships after he left CLS.  *See,* Exhibit 4 (Schechter Depo at 161:22-163:21).  In fact, Hill was actively considering CLS for a project when CLS peremptorily file this suit making it impossible to use CLS.  Exhibit 5 (Hill Depo at 318:19-320:16).  CLS decided to file this suit only after it became known to CLS employees that Mr. Hill had been working for AWNA.  CLS, therefore, cannot claim that there was reasonable reliance to its detriment on the alleged misrepresentations as to Mr. Hill's employment status by Mr. Hill, AW or AWNA.

CLS also alleges, as damages, the waiver of "certain fees and expenses associated with the Agusta account," and the failure to "collect outstanding fees that Agusta owed to CLS."  *See,* ¶¶35-43, 83.  CLS, however, failed to plead proximate causation between the alleged misrepresentation by Mr. Hill and AW/AWNA about Mr. Hill's employment status on one hand,

4

and the alleged "waiver of certain fees and expenses" and/or failure to collect "outstanding fees that Agusta owed to CLS" on the other.

Further, CLS cannot, in good faith, make any such damage claims. Documents produced by CLS in discovery indisputably demonstrate that AW paid in full all the invoices issued by CLS for services invoiced through March 2005 for the Marine One/US 101 project. *See,* Exhibit 6 (CLS Transaction List). Even though AW terminated the relationship with CLS on March 4, 2005, AW/AWNA quite generously offered to continue payments through March and held out the possibility of future work once budget considerations were addressed. *See,* Exhibit 7 (Letter from Moss to CLS dated March 4, 2005). The last invoice for March 2005 for the amount of $30,777.79 was paid in full by AW at the end of April 2005. Exhibit 6 (CLS Transaction List). CLS claims that it "waived" $5,000 out of $20,000 for the December 2004 invoice, and the January 2005 invoice for the Coast Guard project. Documents produced in discovery to date show that CLS performed very little work on the Coast Guard project for December 2004 and January 2005. In the absence of work performed, CLS suffered no monetary damages. CLS's new claims of fraud must fail.

Lastly, CLS's allegation that Agusta's initial offer to Mr. Hill took place in December 2004 is not supported by the discovery to date. There is no evidence that any offer was made or sent by Mr. Moss, and received by Mr. Hill. No offer was, in fact, made until February 10, 2005. *See,* Exhibit 8 (Hill Depo at 146:13-147:17; Moss Depo at 72:11-74:20, 179:22-181:15; Letter from Moss to Hill dated February 10, 2005).

**III.    CLS's Claim of Breach of a Fiduciary Duty of Loyalty against Mr. Hill Fails to Sufficiently Plead the Requisite Damages Caused by the Breach.**

For the claim of breach of a fiduciary duty of loyalty, Plaintiff must allege the existence of a fiduciary duty owed to Plaintiff, a breach of the duty by Mr. Hill, and facts from which

5

proximate cause and injury may be inferred.  *See, Shapiro, Lifschitz & Schram, P.C., v. Hazard,* 24 F. Supp. 2d 66, 75 (D.D.C. 1998).  CLS failed to allege any damages proximately caused by the alleged breach of fiduciary duty by Mr. Hill.  *See,* ¶¶77-81.

CLS cannot, in good faith, claim the loss of business from AW's account as damages.  Documents produced in discovery to date indisputably prove that the termination of the relationship was "not entirely unexpected" by CLS.  *See,* Exhibit 9 (E-mail from Schechter to Moss dated March 8, 2005).  In fact, CLS had known for some time that the relationship with AW would be terminated as soon as the federal government awarded the Marine One contract.  In addition, CLS internal e-mail shows that no income was projected on the AW account beyond February 2005; CLS's revenue forecasts in fact show no revenues coming from AW after February or March 2005.  *See,* Exhibit 10 (E-mail from Hill to Fox dated January 12, 2005; E-mail from Hill to Schechter dated September 30, 2005; CLS Revenue Forecast).  CLS cannot reasonably claim that it was expecting to have a continuing business relationship with AW.  There was no loss of business resulting from Mr. Hill's alleged breach of fiduciary duty.

The alleged damages arising from CLS's waiver of "certain fees and expenses associated with the Agusta account," and Mr. Hill's alleged failure to "collect outstanding fees that Agusta owed to CLS" are patently groundless.  *See,* ¶¶35-43, *infra* at 2-3.  The invoices were clearly issued in error and would have been a fraudulent billing if they had not been retracted.

Mr. Hill did the right thing by bringing an over-billing problem to Mr. Schecter's attention.  The over-billing was addressed, but not completely, through adjustments made to the December 2004 and January 2005 invoices on the Coast Guard project.  Mr. Hill cannot breach a fiduciary duty of loyalty by urging his employer to stop misrepresenting the amount of work performed to a client.  In fact, Mr. Hill was bound by CLS's own ethical standards to work to

ensure that the CLS billing practices were fair and above board. CLS's Employee Manual requires that "all accounting entries, invoices, and other documentation shall correctly describe the transactions to which they relate." *See,* Exhibit 11 (Page 10 of CLS's Employee Manual).

### IV. IF THE AMENDED COMPLAINT IS ACCEPTED FOR FILING, DISCOVERY FOR AW/AWNA AND MR. HILL SHOULD BE EXTENDED FOR 60 DAYS FROM THE DATE OF FILING.

Apart from the question of whether the proposed amended pleadings have been made in good faith, the addition of a new party and new claims a little more than 30 days before the extended discovery cut-off would be manifestly unfair to Mr. Hill, AW and AWNA. Mr. Hill, AW and AWNA should be allowed to fully explore the factual basis for the new claims through a new round of discovery requests and appropriate depositions. In the event that the Amended Complaint is accepted for filing, the discovery deadline for Mr. Hill, AW and AWNA should be extended 60 days from the date of filing with all three defendants afforded a full opportunity to depose or re-depose witnesses on the factual basis of the new claims. *See, M.K. v. Tenet,* 216 F.R.D. 133, 139 (D.D.C. 2002) *citing Atchinson v. District of Columbia,* 73 F.3d 418, 426 (D.C. Cir. 1996) (In determining whether undue prejudice will result from the amendment of complaint, courts consider whether the amendment would require additional discovery).

**CONCLUSION**

CLS failed to plead, and cannot plead in good faith, new claims of fraud against Mr. Hill, AW and AWNA and a breach of fiduciary duty of loyalty against Mr. Hill with the requisite minimum sufficiency and particularity. CLS's Motion for Leave to Amend Its Complaint and to Add a Party should be denied. If the amended complaint is accepted for filing, the discovery cut-off for Mr. Hill, AW and AWNA on the newly pled claims should be extended for 60 days after

7

the date of filing.

                                        Respectfully submitted,

                           By:        /s/ David A. Holzworth
                                      David A. Holzworth (D.C. Bar 322966)
                                      Hiromi Maruyama (D.C. Bar 484098)
                                      LEPON HOLZWORTH & KATO PLLC
                                      1225 19th Street, N.W., #500
                                      Washington, D.C. 20036
                                      Tel: (202) 857-0242
                                      Fax:(202) 857-0189

Date:   May 22, 2006               Counsel for Defendant and Defendant/Counterclaim Plaintiff

CERTIFICATE OF SERVICE

The foregoing Defendant's and Defendant/Counterclaim Plaintiff's Memorandum in Opposition to Plaintiff/Counterclaim Defendant's Motion for Leave to Amend Its Complaint and Add a Party and a Proposed Order were filed electronically with the Clerk of the Court through the Electronic Case Filing System on May 22, 2006, except that the Exhibits to the Defendant's Memorandum are to be filed separately with the Clerk's Office under seal pursuant to the Protective Order dated January 17, 2006.

I hereby certify that a true copy of the foregoing Defendants' Memorandum including the Exhibits, and a Proposed Order were sent by first-class mail to the following:

>Gregory B. Craig, Esq.
>Williams & Connolly, LLP
>725 12th Street, N.W.,
>Washington, DC 20005
>
>Counsel for Plaintiff and Counterclaim Defendant

                /s/ David A. Holzworth
David A. Holzworth
LEPON HOLZWORTH & KATO, PLLC
1225 19th Street, NW, Suite 500
Washington, DC 20036
Tel: 202-857-0242
Fax: 202-861-0610