IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHLOPAK, LEONARD, SCHECHTER AND ASSOCIATES, INC. )<br><br>Plaintiff )<br><br>v. )<br><br>AGUSTAWESTLAND, INC., et al. )<br><br>Defendants. ) | Civil Docket No.: 1:05-cv-02389-GK<br><br>Judge Gladys Kessler<br><br>Next Scheduled Event:<br>Requests for Admissions Due<br>June 9, 2006 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION FOR LEAVE TO FILE THE SECOND AMENDED COUNTERCLAIM**

For no reason other than to harass the plaintiff and further delay the inevitable, Defendant AgustaWestland, Inc. ("Agusta") asks the Court for permission to amend its counterclaims a second time. There is no legal or factual justification for this effort, and the Court should deny Agusta's motion forthwith.

Agusta seeks leave to add the principle employees of Chlopak Leonard Schechter & Associates ("CLS") in their individual capacities as Counterclaim Defendants (together, the "Individual Employees").[1] It then seeks the Court's permission to add a conspiracy count, arguing that CLS and CLS's principle employees – along with a "non-party co-conspirator" – conspired to overbill Agusta for CLS's services. Finally, Agusta seeks leave to add the Individual Employees as

---

[1] Robert Chlopak, Charles Leonard and Peter Schechter.

1

additional defendants in its count alleging Intentional Misrepresentation of Billing Statements.

While leave to amend may be granted when justice so requires, a party's attempt to amend the pleadings should be denied where there is undue delay, bad faith, dilatory motive or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Material Supply Intern., Inc. v. Sunmatch Indus. Co., Ltd.*, 146 F.3d 983, 991 (D.C. Cir. 1998); Fed. R. Civ. P. 15(a). Each of these factors is present here. Agusta has learned nothing new in discovery that would implicate these Individuals in any way, and its attempt to amend can only be explained as an effort to harass CLS and delay the litigation. Because the Second Amended Counterclaims would not survive a motion to dismiss, they are inescapably futile. For all these reasons, leave to amend should be denied.

A party may not amend its pleadings late in the discovery process when the facts that are the basis for its amendment were known to the party at the outset of the litigation. *See, e.g., Yager v. Carey*, 910 F. Supp. 704, 731 (D.D.C. 1995) (plaintiffs were dilatory in seeking to amend pleadings where amendments were based on facts known at the time of the original filing). This principle is even more compelling when the party has filed its initial responsive pleading, and there is no evidence of "oversight, inadvertence, or excusable neglect." *See U.S. v. TDC Management Corp.*, 1991 WL 35528, *1 (D.D.C. 1991); Fed. R. Civ. P. 13(f) (a party may add a counterclaim only where he previously failed to do so "through oversight, inadvertence, or excusable neglect, or when justice so requires"). In truth, Agusta

has learned nothing new to warrant adding either the Individual Employees or the new counterclaim. The Individual Employees are the three named partners of CLS.[2] Agusta has fully understood and known their role and status within CLS since long before Agusta filed its original counterclaims on December 19, 2005. A full five months of intensive discovery have passed since then. During that time, CLS complied with all of Agusta's discovery requests, and Agusta took the depositions of two of the three Individual Employees.[3] In those two depositions, Agusta utterly failed to develop any facts that would support any theory of individual liability against the Individual Employees. Proof of Agusta's failure to develop any such facts is to be found in the text of the Second Amended Counterclaims itself where there is no *mention* whatsoever of either Robert Chlopak or Charles Leonard in the factual allegations. *See* Second Amended Counterclaims at 12-16.

As for Peter Schechter, the handful of new factual allegations falls into two categories: those facts known by Agusta at the time it filed its original counterclaims, and those facts that are merely more specific renditions of previously alleged generalities. *Id.* The reason for this lack of any new factual allegations is simple. Despite five months of discovery, Agusta has learned nothing new about

---

[2] But, as is well known and understood, CLS is not a partnership. It is wholly owned by Gavin Anderson & Company.

[3] It should be noted that Agusta took the deposition of Mr. Leonard *after* filing its motion for leave to add Mr. Leonard as a defendant in his individual capacity. Agusta has not yet taken the deposition of Mr. Chlopak.

3

the Individual Employees. It has no good faith reason to add them as parties other than to create a conspiracy claim.

Agusta's efforts to harass and delay are further revealed by the events leading up to its Motion. On April 25, Agusta informed CLS that it planned to add Mr. Baird and/or Mr. Baird's company as counterclaim defendants, and to add a conspiracy cause of action. In the days leading up to the May 9 deadline, counsel for the parties discussed the fact that such an addition would likely destroy this Court's diversity jurisdiction in this case. On May 8 – the day before filing its Motion – Agusta's counsel suddenly changed direction and informed CLS that Agusta planned to add the Individual Employees as counterclaim defendants rather than including Mr. Baird and/or his company as parties in the case. Agusta's decision to add the Individual Employees, we surmise, was fueled by its desire to add a conspiracy counterclaim combined with its unwillingness to jeopardize federal jurisdiction by adding Mr. Baird as a party. The last-minute nature of this decision is obvious upon reading the amended pleadings. They are rife with references to Mr. Baird and his company but hardly mention the Individual Employees. Agusta's inability to execute its first choice of strategies – i.e., alleging a conspiracy that includes Mr. Baird – does not excuse or justify Agusta's fallback attempt to allege a conspiracy by adding the Individual Employees as counterclaim defendants and then claiming that they have conspired with each other and their own company.

Agusta's Motion should also be denied on the ground of futility. An amended counterclaim is futile if it "fails to state a legal theory, or could not withstand a

4

motion to dismiss." *Wright v. Herman*, 230 F.R.D. 1, 5 (D.D.C. 2005); *Key Airlines, Inc. v. Nat'l Mediation Board*, 745 F. Supp. 749, 752 (D.D.C. 1990) (denying leave to amend where the new claim was without merit). There is no legal basis for holding these Individual Employees individually liable for their actions on behalf of CLS – a corporation – where they always acted within the scope of their employment. It is a well-established principle that an employer is liable for torts committed by employees acting within the scope of their employment. *See, e.g., Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); Restatement (Second) of Agency, § 228. Agusta's proposed amended counterclaims cannot withstand scrutiny. They are without legal or evidentiary merit, and they will clearly be dismissed. For that reason alone – because they are futile – leave to amend should be denied.

As a final note, it is clear that, if the Court grants its motion for leave to amend, Agusta will seek yet another extension of the discovery deadlines. That the defendants have adopted dilatory tactics is incontrovertible. They have dragged their feet throughout. They failed to produce documents in a timely manner.[4] They failed to abide by the parties' agreement to conduct two full depositions before the May 3 mediation session.[5] Agusta failed to bring Stephen Moss – the decision-

---

[4] In fact, CLS learned last week that Defendants failed to appoint a document custodian until March 29, 2006 – a full two weeks after the responses to CLS's requests for the production of documents were due and a full four months after CLS filed its Complaint.

[5] On April 28, the day of Stephen Moss' deposition, his counsel informed CLS that Mr. Moss would be available only until 5:00 that day. CLS was forced to end Mr. Moss' deposition with approximately two hours of time remaining. In the three weeks since, CLS has repeatedly sought to continue Mr. Moss' deposition. The

maker for Agusta – to the mediation session despite scheduling that session at a very late date to *allow* for his attendance.  The Court should evaluate Agusta's Motion for Leave to File the Second Amended Counterclaim against a backdrop of delay in the past and the promise of more delay in the future.

There is, in short, no good reason to allow Agusta to amend its counterclaims yet again, and Agusta's request for leave to do so should be rejected.

## **CONCLUSION**

For all the foregoing reasons, CLS respectfully requests that the Court deny Agusta's Motion for Leave to File Second Amended Counterclaim.

Respectfully Submitted,

Dated:  May 22, 2006               WILLIAMS & CONNOLLY LLP


By:        /s/ Gregory B. Craig
    Gregory B. Craig  (D.C. Bar  164640)
    Amanda M. MacDonald (*pro hac vice*)

725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

*Attorney for Plaintiff, Chlopak, Leonard, Schechter and Associates, Inc.*

---

deposition has finally been scheduled for June 5 – a full month after the mediation session occurred.

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2006, I caused to be served the foregoing Memorandum of Points and Authorities in Opposition to Defendant/Counterclaim Plaintiff's Motion for Leave to File the Second Amended Counterclaim upon all counsel of record by the Court's Electronic Case Filing system:

> David A. Holzworth
> Lepon Holzworth & Kato PLLC
> 1225 19th Street, N.W., #500
> Washington, D.C. 20036
> Tel: (202) 857-0242
> Fax: (202) 857-0189
>
> *Attorney for Defendants*

By: /s/ Gregory B. Craig
Gregory B. Craig