IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHLOPAK, LEONARD, SCHECHTER AND ASSOCIATES, INC. | ) ) ) | |
| **Plaintiff** | ) ) | **Civil Action No.:  05-2389 (GK)** |
| **v.** | ) ) | **Judge Gladys Kessler** |
| AGUSTAWESTLAND, INC., et al. **Defendants.** | ) ) ) ) | **Next Scheduled Deadline:** Requests for Admission June 9, 2006 |

**PLAINTIFF CHLOPAK, LEONARD, SCHECHTER AND ASSOCIATES, INC.'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT AND ADD A PARTY**

Rather than addressing the merits of Plaintiff's Motion for Leave to Amend its Complaint, Defendants have concocted a broth filled with flawed legal arguments and gross mischaracterizations of the evidence.  The Court will discover that Defendants, in their Opposition, have not made a *single* appropriate argument as to why the Court should deny CLS's Motion for Leave to Amend its Complaint. The applicable legal standard is simple, clear and unambiguous, but Defendants have paid absolutely no attention to it.  For all the reasons set forth in its original filing, the Court should grant Plaintiff's Motion for Leave to Amend its Complaint.

Defendants also use their Opposition as a vehicle to secure an additional 60 day extension of discovery.  As CLS predicted, Defendants use every possible opportunity to delay this litigation and harass CLS.  A 60 day extension is

neither necessary nor justified.  Over a month remains in the already-extended discovery period.  The Court should deny that request.

Finally, Defendants' detailed discussion of the facts is utterly improper at this stage, and it is tempting to pass on by with a shrug.  But Defendants' presentation is so egregiously unbalanced and misleading, CLS feels obliged to respond.  These alleged facts are not relevant to this Motion, but the Court should know nonetheless that Defendants – in their recent filings – have placed incredible inaccuracies into the record of this case.

## I.    DEFENDANTS HAVE FAILED TO SHOW THAT THERE IS ANY REASON TO DENY CLS'S MOTION FOR LEAVE TO AMEND.

First, Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice requires."  Fed. R. Civ. P. 15(a). The Supreme Court has held that leave to amend a pleading should be granted in the absence of certain reasons, more specifically, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Material Supply Intern., Inc. v. Sunmatch Indus. Co., Ltd.*, 146 F.3d 983, 991 (D.C. Cir. 1998).

With one exception, *see below*, Defendants do not cite any of these factors as a reason to deny Plaintiff's Motion.  On the contrary, any fair-minded application of the *Foman* factors to CLS's Motion will only lead to the conclusion that leave to amend should be granted.  To address just a few:  (1) CLS's Motion is

timely.  It was filed on the date that the parties agreed would be the deadline for filing such a motion.  (2) There is no possible prejudice to the newly added party. AWNA has been involved in this matter from the moment the complaint was filed and throughout the discovery process.  (3) The Defendants are not prejudiced by any of the additional claims because they arise purely out of and are contained within the discovery that has transpired in this case to date.  (4) Defendants have learned of CLS's additional claims with a full two months of discovery remaining. [1]

Defendants' only use of a *Foman* factor is its argument that CLS's amended complaint is futile.  Defendants' argue that the fraud claims "do[] not plead with particularity any provable damages," and therefore would not withstand a motion to dismiss.[2]  Opposition at 3.  But to meet the heightened pleading

---

[1] The following facts are indisputable: (1) AWNA has been a part of this litigation from the beginning.  On the same day CLS asked AgustaWestland, Inc. for documents, CLS directed the same request to AWNA.  On that issue, opposing counsel has represented that both requests have been satisfied.  (2) AWNA and Agusta are headed by the same person – Mr. Stephen Moss.  He has been at the center of much of the discovery involved in this case.  (3) The new claims against Defendants involve the same documents and the same witnesses that have already been engaged in discovery.  Adding AWNA as a Defendant and adding these additional claims require no new witnesses, no new depositions, no new files, and no new documents.  Defendants' claim that it would be "manifestly unfair" to add AWNA as a party and three new claims without a corresponding 60 day extension in discovery is baseless.

[2] Defendants make a related argument that CLS's Motion for Leave to Amend should be denied because several of its allegations are "not supported by discovery to date."  Opposition at 5.  Whether or not an amended pleading is supported by discovery to date is not related to any of the *Foman* factors – with good reason.  CLS is not obligated to *prove* its claims in the pleading stage of the case.  Fed. R. Civ. P. 9.  The vast majority of Defendants' factual assertions in its Opposition are blatant misrepresentations of the evidence that has been uncovered during discovery.  *See infra*, Section III.

requirements of Rule 9(b), a fraud claim must "state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud." *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981) (quotation omitted). There is no requirement that a fraud claim must allege "with particularity any provable damages." The operative language is, according to *Cannon*, that the fraud claim must allege "what was obtained or given up as a consequence of the fraud."

That standard has surely been met. In its First Amended Complaint, CLS alleges that the Defendants' lies and deception regarding Mr. Hill's activities caused CLS to rely on Mr. Hill's advice to "waive certain fees and expenses associated with the Agusta account." First Amended Complaint, §§ 41-43. The point is simple: Had Mr. Hill disclosed to CLS – rather than concealed from CLS – the fact that he was working full-time for Agusta/AWNA, CLS would never have relied upon Mr. Hill for advice on collecting Agusta's outstanding balance of fees and expenses. CLS alleges further that, as a result of the Defendants' deceit, CLS continued – to its detriment – to rely upon and *to pay* Mr. Hill to act as a consultant to CLS. *Id.* at 40. Again, the point is self-evident: Had Mr. Hill informed CLS that he was working full-time for Agusta/AWNA, CLS would not have asked Mr. Hill – and would not have *paid* Mr. Hill – to continue consulting for CLS on any of its accounts.[3]

---

[3] It is noteworthy that Defendants do not take issue with the allegations of deceit and concealment. The evidence of their dishonesty on this score is overwhelming.

In sum, the Plaintiff's allegations as to damages attributable to the alleged fraud are more than sufficient to meet Rule 9(b)'s requirement that fraud be pled with some particularity.  CLS's First Amended Complaint is plainly not futile.

II.    **DEFENDANTS' REQUEST FOR A 60 DAY EXTENSION OF DISCOVERY IS UNNECCESSARY, AND IS YET ANOTHER ATTEMPT TO HARASS CLS AND DELAY THE PROGRESS OF THIS LITIGATION.**

As CLS predicted, Defendants have once again requested *another* extension of the discovery deadline – this time, for 60 days.  *See* CLS's Opposition to Defendant's Motion for Leave to Amend at 5-6; Opposition at 7.  To support its request, Defendants deliver a cursory and totally unsupported statement that, adding a new party and new claims at this stage in the litigation would be "manifestly unfair" to the Defendants.  Put aside the fact that Defendants will have known about the details of Plaintiff's proposed Amended Complaint for a full two months before running into the existing discovery deadline.  Opposition at 7.  In truth, Defendants' desire for this extension has nothing to do with fairness.  It is, instead, a tactic to delay, to drag out this litigation as long as possible, to postpone the Judgment Day and to harass CLS.[4]  Simply put, there is no need for more time, and the Court should deny Defendants' request.

---

[4] The only other explanation for the extension Defendants seek is the fact that they now predict that it will be mid- to late-June before they will have completed their search for – let alone their review and production of – relevant documents that are responsive to CLS's requests for the production of documents.  CLS's document requests were served in February and March, 2006, and yet, Agusta failed to even appoint a document custodian until March 29, 2006.  It appears that it wasn't until April – a full four months after the Complaint was filed – that Agusta began making efforts to retrieve electronic documents relevant to this litigation.  Throughout this case, Defendants have simply failed to comply with the rules and

### III.   **DEFENDANTS' OPPOSITION RELIES ON FACTUAL DISTORTIONS AND INACCURACIES IN AN EFFORT TO PREJUDICE CLS IN THE EYES OF THE COURT.**

Defendants' Opposition is replete with factual inaccuracies and distortions, none of which is relevant to CLS's Motion for Leave to Amend.  CLS will respond nonetheless.  CLS believes that the Court should not labor under any misapprehension about the underlying facts of this case.  For that reason, CLS takes this opportunity to set the record straight with respect to the following most egregious misrepresentations.

(1)       Defendants state that "CLS clearly knew" that Mr. Hill was working for Agusta/AWNA in April 2005 but took no action until September 2005. Opposition at 4.  Putting aside the basic irrelevance of the argument, it is simply untrue.  Defendants deposed *three* CLS employees on this very topic.  Each witness testified – under oath – that CLS, did not actually learn about Mr. Hill's employment at AWNA until September 2005.  *See* Exhibit 1 (Fox Depo at 226-27; Schechter Depo at 160-61, 168-69).[5]

(2)       Defendants also claim – repeatedly – that CLS "*should* have known" of Mr. Hill's employment at AWNA/Agusta.  (Emphasis added.)  This is yet another irrelevancy, but, while making that argument, Defendants neglect to mention the many instances in which Mr. Hill, both orally and in writing, lied to CLS friends

---

deadlines associated with discovery.  Defendants should not be rewarded for this behavior with yet another extension of discovery.

[5] Charlie Leonard of CLS has also been deposed, but the transcript of his deposition is not yet available.  Mr. Leonard testified that he first learned of Mr. Hill's employment at Agusta/AWNA in September, 2005.

and colleagues about his employment at Agusta/AWNA. *See* Exhibit 2 (Fox Depo at 41-45; Schechter Depo at 143-45; 3/21/05 Email from D. Hill to J. Wenderoff; 5/18/05 Email from D. Hill to M. Fox).[6]  Mr. Hill did not act alone in his efforts to deceive CLS as to his true status.  In March 2006, Stephen Moss – President of Agusta and CEO of AWNA – sent a letter to Peter Schechter and Dan Hill *at CLS* – that was clearly addressed to Mr. Hill in his capacity as a CLS employee.  The letter was unambiguous in its multiple references to Mr. Hill as a *current* employee of CLS. But, at that very moment, Mr. Moss knew full well that *Mr. Hill had already accepted a position with, had begun working for and had begun receiving compensation from Agusta/AWNA*.  *See* Exhibit 3 (3/4/05 Letter from S. Moss to D. Hill and P. Schechter; Moss Depo at 222-27).  The *only* plausible explanation for Mr. Moss's decision to address Mr. Hill as a CLS employee in that letter was to mislead CLS as to Mr. Hill's true status.

 (3)        Defendants suggest that CLS had some duty to monitor Mr. Hill's post-employment activities to determine for itself whether he was, in fact, working at Agusta/AWNA.  Opposition at 3-4.  There is no such duty.  The argument is without merit.  And, above all, it is without any relevance to whether the Court should or should not grant CLS's Motion for Leave to Amend.

(4)        Defendants argue that "CLS cannot, in good faith, make any [] damage claims" with regard to the fees and expenses that Mr. Hill advised CLS to waive.

---

[6] Mr. Leonard also testified that on or around the time that Mr. Hill announced that he was leaving CLS, Mr. Hill told Mr. Leonard and others that he had a contract to write a book and that he was planning to open his own public relations business.

Why?  Because, according to the Defendants, documents "indisputably demonstrate" that Agusta paid all invoices submitted to Agusta by CLS.  Opposition at 5.  This is a gross mischaracterization of the facts.  Deposition testimony, as well as documentary evidence, prove that Mr. Hill was personally involved in this issue – while in such a position of conflict as to be worthy of the history books.  It was his personal interference and intervention that prevented CLS from collecting on at least one invoice that was issued by CLS.  *See* Exhibit 4 (Hill Depo at 268-71; Fox Depo at 198-203, 262-64, 273-74; 2/10/05 Agusta Bill Processing).  This same evidence proves that Mr. Hill advised CLS to waive several fees and expenses associated with the Agusta account while he was secretly working for Agusta/AWNA.  *See* Exhibit 4, Exhibit 5 (3/1/05 Bill Proforma; 4/20/05 Email from D. Hill to M. Fox; 9/2/05 Email from M. Fox to B. Phillips).  CLS would not have relied upon that advice had it known of Mr. Hill's true status.  Based on this evidence, CLS has every reason to put forth a claim that it suffered damages as the result of the Defendants' dishonest and fraudulent behavior.

(5)      Defendants represent that CLS's allegation that Agusta/AWNA made an offer of employment to Mr. Hill in *December, 2004* is "not supported by the discovery to date."  Opposition at 5.  This statement is *plainly* contradicted by Mr. Hill's letter to Mr. Moss drafted on or around December 14, 2004.  Mr. Hill acknowledged that he drafted the letter.  *See* Exhibit 6 (Hill Depo at 249-52).  In that letter, Mr. Hill is explicit when he refers to the "offer" that he discussed with

Mr. Moss that same morning.  *See* Exhibit 7 (12/14/04 Letter from D. Hill to S. Moss).  Defendants' characterization of "the discovery to date" is simply false.

       The descriptions above represent just a few of Defendants' misrepresentations.  There are more.  None is relevant, however, to the issue raised by this motion.

       For all the foregoing reasons, CLS respectfully requests that its Motion for Leave to Amend Its Complaint and Add a Party be granted.

       Respectfully submitted,

Dated:  May 26, 2006       By:_____/s/ Gregory B. Craig_____
       Gregory B. Craig  (D.C. Bar  164640)
       Amanda M. MacDonald (*pro hac vice*)

       WILLIAMS & CONNOLLY LLP
       725 Twelfth Street, N.W.
       Washington, DC 20005
       Tel.: (202) 434-5000
       Fax:  (202) 434-5029

       Attorneys for Plaintiff, Chlopak, Leonard, Schechter and Associates, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply to Defendants' Opposition to Plaintiff's Motion for Leave to Amend its Complaint and Add a Party was caused to be served via the Court's electronic filing system, on this 26th day of May, 2006 to the following counsel:

> David A. Holzworth
> Lepon Holzworth & Kato PLLC
> 1225 19th Street, N.W., #500
> Washington, D.C. 20036
> Tel: (202) 857-0242
> Fax: (202) 857-0189
>
> Attorney for Defendants


By: _____/s/ Gregory B. Craig_____
Gregory B. Craig